IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ AND MICHAEL JAMES LYONS, Individually and on behalf of all others similarly situated | § § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. _____ |
| v. | § § | |
| ALLIS-CHALMERS ENERGY INC. | § § | JURY TRIAL DEMANDED |
| *Defendant* | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jose Angel Lopez and Michael James Lyons, bring this action on behalf of themselves and other current and former laborers who were misclassified as "independent contractors" by Defendant, Allis-Chalmers Energy Inc., ("Allis-Chalmers"), (hereinafter "Plaintiffs and Potential Class Members") to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I. OVERVIEW

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2   The Potential Class Members are those persons who are current and former laborers who were required to sign an "independent contractor agreement" with Defendant Allis-Chalmers, and who worked in excess of forty (40) hours per workweek,

but performed the same tasks and functions as "full-time employees" of Defendant Allis-Chalmers who were paid time and a half pursuant to the FLSA.

1.3     Defendant Allis-Chalmers failed to pay Plaintiffs and the Potential Class Members in accordance with the FLSA. Specifically, Plaintiffs and the Potential Class Members were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per workweek. Plaintiffs and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

## II.    PARTIES

2.1     Plaintiff Jose Angel "Joe" Lopez ("Lopez") is an individual who resides in Many, Sabine Parish, Louisiana. Plaintiff Lopez was employed by Defendant Allis-Chalmers within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Lopez did not properly receive overtime compensation for hours worked in excess of forty (40) hours per workweek.

2.2     Plaintiff Michael James Lyons ("Lyons") is an individual who resides in Many, Sabine Parish, Louisiana. Plaintiff Lyons was employed by Defendant Allis-Chalmers within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Lyons did not properly receive overtime compensation for hours worked in excess of forty (40) hours per workweek.

2.3     The Potential Class Members are those current and former laborers who worked under the direct control and supervision of Defendant Allis-Chalmers and were subjected to the same illegal pay system under which the Plaintiffs worked. These laborers regularly worked in excess of forty (40) hours per workweek and performed the same tasks and functions as "full-time employees" of Defendant Allis-Chalmers who were paid time and a half pursuant to the FLSA.

2.4     Defendant Allis-Chalmers is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located in Houston, Harris County, Texas. Defendant Allis-Chalmers may be served through its registered agent for service, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

### III.     JURISDICTION

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*. This Court has personal jurisdiction over Defendant Allis-Chalmers because the cause of action arose within this district as a result of Defendant Allis-Chalmers' conduct within this district.

### IV.     VENUE

4.1     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Further, Plaintiff Lopez and Plaintiff Lyons each signed the subject "independent contractor agreements" in Nueces County, Texas. In addition, Plaintiff Lopez and Plaintiff Lyons were both residing in Nueces County, Texas at all times relevant to their employment with Defendant Allis-Chalmers. Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Southern District of Texas.

### V.     COVERAGE

5.1     At all times hereinafter mentioned, Defendant Allis-Chalmers has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.2     At all times hereinafter mentioned, Defendant Allis-Chalmers has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.3     At all times hereinafter mentioned, Defendant Allis-Chalmers has been an enterprise engaged in commerce or in the production of goods for commerce within the

meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). During the respective periods of Plaintiffs' and the Potential Class Members' employment by Defendant Allis-Chalmers, Plaintiffs and the Potential Class Members provided services for Defendant Allis-Chalmers that involved interstate commerce. In performing the operations herein above described, Plaintiffs and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the Act. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a). Specifically, the Plaintiffs and Potential Class Members were laborers misclassified as "independent contractors" who were engaged in oilfield services that were directly essential to the production of goods for Defendant Allis-Chalmers and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

5.4   At all times hereinafter mentioned, Plaintiffs and the Potential Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5.5   The class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former laborers who were misclassified as 'independent contractors' by Allis-Chalmers Energy Inc. who were not paid overtime compensation for time worked in excess of

forty (40) hours per workweek." The precise size and identity of the Potential Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant Allis-Chalmers, and their related and affiliated entities.

## VI.   FACTS

6.1   Defendant Allis-Chalmers is a global multi-faceted oilfield service provider serving oil and gas exploration and production companies in rental services, drilling and completion services, directional drilling, tubular services, underbalanced services and production services. Defendant Allis-Chalmers is headquartered in Houston, Texas, but operates throughout the United States and internationally, primarily in Argentina, Brazil and Mexico.

6.2   Plaintiff Lopez was originally employed by Defendant Allis-Chalmers from approximately January 2005 until August 2006 as a non-exempt "full-time employee" in its tubular division. Plaintiff Lopez was re-hired by Defendant Allis-Chalmers and was again employed in the tubular division from approximately March 2008 until August 2008. During his time as a non-exempt "full-time employee" of Defendant Allis-Chalmers, Plaintiff Lopez received time and a half for all overtime hours worked pursuant to the FLSA. *See* Payroll Check of Jose Angel Lopez, attached hereto as Exhibit "A" and incorporated as if set out fully herein.

6.3   Plaintiff Lopez was then re-hired by Defendant Allis-Chalmers to perform the same work as he previously performed but this time, as an "independent contractor," from approximately November 2010 until April 2011. Plaintiff Lopez was seriously injured in the course and scope of his employment, subsequently had his left arm amputated below the elbow, and is now unable to work. Notably, Defendant Allis-Chalmers argued successfully in workers' compensation proceedings in Texas that Plaintiff Lopez was an employee – not an "independent contractor" – and during the

time Plaintiff Lopez was misclassified as an "independent contractor," he worked alongside full-time employees of Defendant Allis-Chalmers performing the same tasks and functions, but Plaintiff Lopez did not receive time and a half pursuant to the FLSA.[1] As such, principles of judicial estoppel preclude Defendant Allis-Chalmers from now contending that Plaintiff Lopez was an "independent contractor." *See New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968, 977-78 (2001). Moreover, Plaintiff Lopez was paid hourly, or "straight pay," at a rate determined by Defendant Allis-Chalmers for all hours worked. *See* Payroll Check of Jose Angel Lopez, attached hereto as Exhibit "A-1" and incorporated as if set forth fully herein; *see also* Affidavit of Jose Angel "Joe" Lopez, attached hereto as Exhibit "B" and incorporated as if set forth fully herein; *see also* "Independent Contractor Agreement" signed by Jose Angel Lopez, attached hereto as Exhibit "C" and incorporated as if set out fully herein.

  6.4 Plaintiff Lyons was employed by Defendant Allis-Chalmers from approximately January 2011 until May 2011. During that time, Plaintiff Lyons worked for Defendant Allis-Chalmers in its tubular division alongside "full-time employees" and performed the same tasks and functions, but did not receive time and a half for all overtime hours worked pursuant to the FLSA. Moreover, Plaintiff Lyons was paid hourly, or "straight pay," at a rate determined by Defendant Allis-Chalmers for all hours worked. *See* Payroll Check of Michael James Lyons, attached hereto as Exhibit "D" and incorporated as if set out fully herein.

  6.5 Defendant Allis-Chalmers required the Plaintiffs to sign an "independent contractor agreement" prior to employment, and represented that each Plaintiff would

---

[1] *See* Cause No. 11-08-26783; *Jose Angel Lopez, et al. v. Allis-Chalmers Energy Inc., et al.*; In the District Court, 365th Judicial District, Maverick County, Texas; *see also* DWC NO. 11213653-01-CC; *Jose Lopez v. Allis-Chalmers Energy / AIG*; Texas Workers' Compensation Commission Hearings Division, Corpus Christi Field Office, Corpus Christi, Texas, August 23, 2011.

be promoted to "full-time employee" status upon the completion of a 90-day probationary period, and thereafter become eligible for overtime compensation and other benefits. Plaintiffs both successfully completed the alleged 90-day "probationary period" but were never promoted to "full-time employee" status. Instead, Defendant Allis-Chalmers required or permitted the Plaintiffs to work alongside "full-time employees" and perform the same tasks and functions, but were not paid time and a half for all hours they worked over forty (40) hours per workweek. Defendant Allis-Chalmers either determined or was responsible for almost every factor in the profit or loss equation of its oilfield services business as the Plaintiffs and Potential Class Members had no substantial investment in the business of Defendant Allis-Chalmers and were simply paid for services rendered. Plaintiffs and Potential Class Members worked exclusively on jobs secured by Defendant Allis-Chalmers and were unable to hold other jobs given the extensive work hours required by Defendant Allis-Chalmers. Further, Plaintiffs and Potential Class Members were not required to exhibit a high degree of independent skill or initiative to perform these jobs. Defendant Allis-Chalmers supplied all of the tools and major equipment needed for jobs and did not charge Plaintiffs and the Potential Class Members for the use of those items. In addition, Defendant Allis-Chalmers supplied the materials used for the jobs on which Plaintiffs and the Potential Class Members worked. Defendant Allis-Chalmers determined the fees and costs paid by its customers and in turn its customers paid Defendant Allis-Chalmers for the work done. Plaintiffs and Potential Class Members lacked any meaningful control over the amount of compensation earned or hours worked as they were assigned to specific shifts, called upon to work at any time, and were paid a non-negotiable hourly rate of pay. In fact, Plaintiffs and Potential Class Members faced various disciplinary measures, including but not limited to demotions,

lower rates of pay and even termination if they were unable or refused to respond to a scheduled shift or specific job call. Moreover, Plaintiffs and the Potential Class Members performed their services under the name of Defendant Allis-Chalmers, and the services performed were directly integrated into Defendant Allis-Chalmers' oilfield services business.

6.6  Plaintiffs and Potential Class Members did not qualify for any recognized FLSA exemption. Specifically, Plaintiffs and Potential Class Members did not regularly perform managerial functions. Instead, Plaintiffs and Potential Class Members spent the entirety of their working hours performing non-managerial and non-exempt functions on behalf of Defendant Allis-Chalmers. Plaintiffs and Potential Class Members did not customarily or regularly exercise discretionary power, nor did they possess the authority to hire or fire other employees or make weighted recommendations concerning hiring, firing, or advancement. Further, Plaintiffs and Potential Class Members did not regularly direct or manage the work of two or more full-time employees.

6.7  Defendant Allis-Chalmers regularly required Plaintiffs and Potential Class Members to work longer than forty (40) hours per workweek, and failed and refused to compensate them for such work in excess of forty (40) hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 207(a) of the FLSA. 29 U.S.C. § 207(a). Accordingly, Plaintiffs contend that Defendant Allis-Chalmers owes them, and the Potential Class Members, overtime compensation under 29 U.S.C. § 207(a)(1).

## VII. CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

7.1 Defendant Allis-Chalmers violated provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than one and one-half times the regular rates for which they were employed.

7.2 Moreover, Defendant Allis-Chalmers knowingly, willfully or in reckless disregard carried out their illegal pattern of failing to pay the Plaintiffs and other similarly situated employees overtime compensation. The decision by Defendant Allis-Chalmers not to pay overtime compensation to its non-exempt employees was neither reasonable nor in good faith. Defendant Allis-Chalmers knew that Plaintiffs and Potential Plaintiffs were misclassified as "independent contractors" while they worked alongside "full-time employees" and performed the same tasks and functions, but did not receive time and a half for all overtime hours worked pursuant to the FLSA. Defendant Allis-Chalmers' argument that Plaintiff Lopez was an employee – not an "independent contractor" – discussed above is further evidence of a knowing violation of the FLSA. Accordingly, the Plaintiffs and other similarly situated employees are entitled to overtime wages pursuant to the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

7.3 Further, Defendant Allis-Chalmers fraudulently induced the Plaintiffs and Potential Class Members to not seek their unpaid overtime wages. Defendant Allis-Chalmers had a special relationship with the Plaintiffs and Potential Class Members as

defined by law, and therefore a duty to disclose material facts and information to the Plaintiffs and Potential Class Members and failed to do so. Defendant Allis-Chalmers also misrepresented material facts to the Plaintiffs and Potential Class Members, that were false, known to be false, that were intended to be relied upon, and that were in fact relied upon by the Plaintiffs and the Potential Class Members to their detriment. Such fraud includes but is not limited to (a) falsely representing to Plaintiffs and Potential Class Members that they were exempt "independent contractors" not entitled to overtime, and (b) inducing Plaintiffs and Potential Class Members to sign "independent contractor agreements" with the false promise that upon the completion of a 90-day "probationary period," each laborer would be promoted to "full-time employee" status and thereafter be eligible for overtime compensation and other benefits. Plaintiffs both successfully completed the alleged 90-day "probationary period," but were never promoted to "full-time employee" status and did not receive overtime compensation and other benefits enjoyed by "full-time employees" working for Defendant Allis-Chalmers. All of these unlawful acts and omissions harmed the Plaintiffs and Potential Class Members in an amount greatly in excess of the minimum jurisdictional limits of the Court. As such, the Plaintiffs and Potential Class Members seek unpaid overtime wages for the maximum period of time allowed by law.

B.   **COLLECTIVE ACTION ALLEGATIONS**

7.4   On behalf of all those who are similarly situated to the Plaintiffs, the Plaintiffs file this as a collective action pursuant to 29 U.S.C. § 216(b).

7.5   Other employees have been victimized by Defendant Allis-Chalmers' patterns, practices, and policies which are in willful violation of the FLSA. These laborers worked for Defendant Allis-Chalmers alongside full-time employees and performed the same tasks and functions, and were also denied their overtime wages for

all hours they worked in excess of forty (40) hours per workweek. Thus, Plaintiffs are aware that the illegal practices or policies of Defendant Allis-Chalmers have been imposed on the Potential Class Members.

7.6 The Potential Class Members are "all current and former laborers who were misclassified as 'independent contractors' by Defendant Allis-Chalmers Energy, Inc. who were not paid overtime compensation for time worked in excess of forty (40) hours per workweek," and were subjected to the same illegal pay system under which the Plaintiffs worked. These laborers regularly worked in excess of forty (40) hours in a workweek without being paid at time and a half of their regular rate of pay for all overtime hours.

7.7 Defendant Allis-Chalmers' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Potential Class Members. Thus, the Plaintiffs' experiences are typical of the experiences of the Potential Class Members.

7.8 The specific job titles or precise job requirements of the various Potential Class Members do not prevent collective treatment. All of the Potential Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Accordingly, the class of similarly situated Plaintiffs is defined as:

> ALL CURRENT AND FORMER LABORERS WHO WERE MISCLASSIFIED AS "INDEPENDENT CONTRACTORS" BY DEFENDANT ALLIS-CHALMERS ENERGY INC. WHO WERE NOT PAID OVERTIME COMPENSATION FOR TIME WORKED IN EXCESS OF FORTY (40) HOURS PER WORKWEEK.

## VIII. ACCOUNTING

8.1     Plaintiffs and Potential Class Members are owed wages which equal the sum of overtime compensation not paid by Defendant Allis-Chalmers to Plaintiffs and Potential Class Members.

8.2     Plaintiffs and Potential Class Members do not know the precise amount of compensation due to Plaintiffs and Potential Class Members. Plaintiffs and Potential Class Members were required to submit the hours they worked to Defendant Allis-Chalmers and therefore Defendant Allis-Chalmers possesses records from which the amount of compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

8.3     The amount of interest and penalties owed to Plaintiffs and Potential Class Members is based on the amount of compensation owed to members of the Plaintiff Class by Defendant Allis-Chalmers. This amount can only be determined by an accounting of books and records in the possession of Defendant Allis-Chalmers

## IX.     RELIEF SOUGHT

9.1     Plaintiffs respectfully pray for judgment against Defendant Allis-Chalmers as follows:

   a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant Allis-Chalmers to provide the names and addresses of all potential collective action members;

   b.     For an Order approving the form and content of a Notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.    For an Order awarding the Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld from 1990 through the present;

    d.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant Allis-Chalmers liable for unpaid back wages due to the Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to the Plaintiffs;

    e.    For an Order awarding the Plaintiffs (and those who have joined in the suit) the costs of this action;

    f.    For an Order awarding the Plaintiffs (and those who have joined in the suit) their attorneys' fees;

    g.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

    h.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/Roger S. Braugh, Jr.
Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

John Flood
Federal I.D. No. 12593
Texas Bar No. 07155910
FLOOD & FLOOD
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/654-8877
Facsimile: 361/654-8879