**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOSE ANGEL LOPEZ AND MICHAEL JAMES LYONS, Individually and on behalf of all others similarly situated** | § § § § § | |
| | § | |
| *Plaintiffs,* | § | **Civil Action No. 2:11-CV-00353** |
| | § | |
| **v.** | § | |
| | § | |
| **ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC F/K/A ALLIS-CHALMERS TUBULAR SERVICES, INC., AND ARCHER TUBULAR SERVICES LLC** | § § § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants* | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jose Angel Lopez and Michael James Lyons, bring this action on behalf of themselves and other current and former laborers who were misclassified as "independent contractors" by Defendants, Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, formerly known as Allis-Chalmers Tubular Services, Inc., and Archer Tubular Services LLC (collectively "the Allis-Chalmers Defendants"), (hereinafter "Plaintiffs and Potential Class Members") to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.    OVERVIEW

1.1    This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2    The Potential Class Members are those persons who are current and former laborers who were required to sign an "independent contractor agreement" with the Allis-Chalmers Defendants, and who worked in excess of forty (40) hours per workweek, but performed the same tasks and functions as "full-time employees" of the Allis-Chalmers Defendants who were paid time and a half pursuant to the FLSA.

1.3    The Allis-Chalmers Defendants failed to pay Plaintiffs and the Potential Class Members in accordance with the FLSA.  Specifically, Plaintiffs and the Potential Class Members were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per workweek.  Plaintiffs and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

## II.    PARTIES

2.1    Plaintiff Jose Angel "Joe" Lopez ("Lopez") is an individual who resides in Many, Sabine Parish, Louisiana.  Plaintiff Lopez was employed by the Allis-Chalmers Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period.   Plaintiff Lopez did not properly receive overtime compensation for hours worked in excess of forty (40) hours per workweek.

2.2    Plaintiff Michael James Lyons ("Lyons") is an individual who resides in Georgetown, Grant Parish, Louisiana.  Plaintiff Lyons was employed by the Allis-Chalmers Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period.  Plaintiff Lyons did not properly receive overtime compensation for hours worked in excess of forty (40) hours per workweek.

2.3    The Potential Class Members are those current and former laborers who worked under the direct control and supervision of the Allis-Chalmers Defendants and were subjected to the same illegal pay system under which the Plaintiffs worked.  These

laborers regularly worked in excess of forty (40) hours per workweek and performed the same tasks and functions as "full-time employees" of the Allis-Chalmers Defendants who were paid time and a half pursuant to the FLSA.

2.4     Allis-Chalmers Energy Inc. has been served and has answered herein.

2.5     Archer Tubular Services LLC is believed to be the successor to Allis-Chalmers Tubular Services LLC and Allis-Chalmers Tubular Services, Inc.   Archer Tubular Services LLC is a limited liability company duly organized under the laws of Texas, having its principal place of business located in Houston, Harris County, Texas. Archer Tubular Services LLC, formerly known as Allis-Chalmers Tubular Services LLC and Allis-Chalmers Tubular Services, Inc., may be served through its registered agent for service, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

2.6     Upon information and belief, Plaintiff Lopez and Plaintiff Lyons worked for Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, Allis-Chalmers Tubular Services, Inc. and/or Archer Tubular Services LLC within the relevant three-year period.  Documents from the Texas Department of Insurance Division of Workers' Compensation produced in Plaintiff Lopez's personal injury case against the Allis-Chalmers Defendants indicate that Plaintiff Lopez was employed by both Allis-Chalmers Energy Inc. and Allis-Chalmers Tubular Services LLC.  Additionally, payroll records indicate that Plaintiff Lopez and Plaintiff Lyons were paid by an entity named "Allis-Chalmers," while other employment-related documents were distributed by both Allis-Chalmers Energy Inc. and Allis-Chalmers Tubular Services LLC.  As such, there is some confusion as to who the actual employer is for purposes of the FLSA. Accordingly, Plaintiffs and Potential Class Members have named Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, Allis-Chalmers Tubular Services, Inc., and Archer Tubular Services LLC as parties to this lawsuit.  Allis-Chalmers Energy

Inc., Allis-Chalmers Tubular Services LLC, Allis-Chalmers Tubular Services, Inc. and Archer Tubular Services LLC are hereinafter collectively referred to as "the Allis-Chalmers Defendants."

### III.    JURISDICTION

3.1    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*  This Court has personal jurisdiction over the Allis-Chalmers Defendants because the cause of action arose within this district as a result of the Allis-Chalmers Defendants' conduct within this district.

### IV.    VENUE

4.1    Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.   Further, Plaintiff Lopez and Plaintiff Lyons each signed the subject "independent contractor agreements" in Nueces County, Texas.  In addition, Plaintiff Lopez and Plaintiff Lyons were both residing in Nueces County, Texas at all times relevant to their employment with the Allis-Chalmers Defendants.   Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Southern District of Texas.

### V.    COVERAGE

5.1    At all times hereinafter mentioned, the Allis-Chalmers Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.2    At all times hereinafter mentioned, the Allis-Chalmers Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.3    At all times hereinafter mentioned, the Allis-Chalmers Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said

enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).  During the respective periods of Plaintiffs' and the Potential Class Members' employment by the Allis-Chalmers Defendants, Plaintiffs and the Potential Class Members provided services for the Allis-Chalmers Defendants that involved interstate commerce.  In performing the operations hereinabove described, Plaintiffs and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the Act.  29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).  Specifically, the Plaintiffs and Potential Class Members were laborers misclassified as "independent contractors" who were engaged in oilfield services that were directly essential to the production of goods for the Allis-Chalmers Defendants and related oil and gas exploration and production companies.  29 U.S.C. § 203(j).

5.4     At all times hereinafter mentioned, Plaintiffs and the Potential Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5.5     The class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former laborers who were misclassified as 'independent contractors' by Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, Allis-Chalmers Tubular Services, Inc., and/or Archer Tubular Services LLC, who were not paid overtime compensation

for time worked in excess of forty (40) hours per workweek." The precise size and identity of the Potential Class should be ascertainable from the business records, tax records, and/or employee or personnel records of the Allis-Chalmers Defendants, and their related and affiliated entities.

## VI.    FACTS

6.1    The Allis-Chalmers Defendants are a global multi-faceted oilfield service provider serving oil and gas exploration and production companies in rental services, drilling and completion services, directional drilling, tubular services, underbalanced services and production services. The Allis-Chalmers Defendants are headquartered in Houston, Texas, but operate throughout the United States and internationally, primarily in Argentina, Brazil and Mexico.

6.2    Plaintiff Lopez was originally employed by the Allis-Chalmers Defendants from approximately January 2005 until August 2006 as a non-exempt "full-time employee" in the tubular division. Plaintiff Lopez was re-hired by the Allis-Chalmers Defendants and was again employed in the tubular division from approximately March 2008 until August 2008. During his time as a non-exempt "full-time employee" of the Allis-Chalmers Defendants, Plaintiff Lopez received time and a half for all overtime hours worked pursuant to the FLSA. *See* Payroll Check of Jose Angel Lopez, attached hereto as Exhibit "A" and incorporated as if set forth fully herein.

6.3    Plaintiff Lopez was then re-hired by the Allis-Chalmers Defendants to perform the same work as he previously performed but this time, as an "independent contractor," from approximately November 2010 until April 2011. Plaintiff Lopez was seriously injured in the course and scope of his employment, subsequently had his left arm amputated below the elbow, and is now unable to work. Notably, the Allis-

Chalmers Defendants argued successfully in workers' compensation proceedings in Texas that Plaintiff Lopez was an employee – not an "independent contractor" – and during the time Plaintiff Lopez was misclassified as an "independent contractor," he worked alongside full-time employees of the Allis-Chalmers Defendants performing the same tasks and functions, but Plaintiff Lopez did not receive time and a half pursuant to the FLSA.[1] A true and correct copy of the Texas Department of Insurance Division of Workers' Compensation Decision and Order is attached hereto as Exhibit "B" and incorporated as if set forth fully herein.  As such, principles of judicial estoppel preclude the Allis-Chalmers Defendants from now contending that Plaintiff Lopez was an "independent contractor." *See New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968, 977-78 (2001). Moreover, Plaintiff Lopez was paid hourly, or "straight pay," at a rate determined by the Allis-Chalmers Defendants for all hours worked.  *See* Payroll Check of Jose Angel Lopez, attached hereto as Exhibit "A-1" and incorporated as if set forth fully herein; *see also* "Independent Contractor Agreement" signed by Jose Angel Lopez, attached hereto as Exhibit "C" and incorporated as if set forth fully herein.

6.4    Plaintiff Lyons was employed by the Allis-Chalmers Defendants from approximately January 2011 until May 2011.  During that time, Plaintiff Lyons worked for the Allis-Chalmers Defendants in the tubular division alongside "full-time employees" and performed the same tasks and functions, but did not receive time and a half for all overtime hours worked pursuant to the FLSA.  Moreover, Plaintiff Lyons was paid hourly, or "straight pay," at a rate determined by the Allis-Chalmers

---

[1] *See* Cause No. 11-08-26783; *Jose Angel Lopez, et al. v. Allis-Chalmers Energy Inc., et al.*; In the District Court, 365th Judicial District, Maverick County, Texas; *see also* DWC NO. 11213653-01-CC; *Jose Lopez v. Allis-Chalmers Energy / AIG*; Texas Workers' Compensation Commission Hearings Division, Corpus Christi Field Office, Corpus Christi, Texas, August 23, 2011.

Defendants for all hours worked. *See* Payroll Check of Michael James Lyons, attached hereto as Exhibit "D" and incorporated as if set forth fully herein.

6.5 The Allis-Chalmers Defendants required the Plaintiffs to sign an "independent contractor agreement" prior to employment, and represented that each Plaintiff would be promoted to "full-time employee" status upon the completion of a 90-day probationary period, and thereafter become eligible for overtime compensation and other benefits. Plaintiffs both successfully completed the alleged 90-day "probationary period" but were never promoted to "full-time employee" status. Instead, the Allis-Chalmers Defendants required or permitted the Plaintiffs to work alongside "full-time employees" and perform the same tasks and functions, but were not paid time and a half for all hours they worked over forty (40) hours per workweek.

6.6 The Allis-Chalmers Defendants either determined or were responsible for almost every factor in the profit or loss equation of its oilfield services business as the Plaintiffs and Potential Class Members had no substantial investment in the business of the Allis-Chalmers Defendants and were simply paid for services rendered. Plaintiffs and Potential Class Members worked exclusively on jobs secured by the Allis-Chalmers Defendants and were unable to hold other jobs given the extensive work hours required by the Allis-Chalmers Defendants. Further, Plaintiffs and Potential Class Members were not required to exhibit a high degree of independent skill or initiative to perform these jobs. Rather, the Allis-Chalmers Defendants directed the manner and means in which Plaintiffs and the Potential Class Members performed their work and provided them with transportation to their respective job sites. Plaintiffs and the Potential Class Members did not have any employees that they supervised and acted solely under the direction of the Allis-Chalmers Defendants. The Allis-Chalmers Defendants supplied all of the tools and major equipment needed for jobs and did not charge Plaintiffs and

the Potential Class Members for the use of those items.  In addition, the Allis-Chalmers Defendants supplied the materials used for the jobs on which Plaintiffs and the Potential Class Members worked. The Allis-Chalmers Defendants determined the fees and costs paid by its customers and in turn its customers paid the Allis-Chalmers Defendants for the work done, not Plaintiffs and Potential Class Members.  Plaintiffs and Potential Class Members lacked any meaningful control over the amount of compensation earned or hours worked as they were assigned to specific shifts, called upon to work at any time, and were paid a non-negotiable hourly rate of pay.  In fact, Plaintiffs and Potential Class Members faced various disciplinary measures, including but not limited to, demotions, lower rates of pay and even termination if they were unable or refused to respond to a scheduled shift or specific job call.  Moreover, Plaintiffs and the Potential Class Members performed their services under the name of the Allis-Chalmers Defendants, and the services performed were directly integrated into the Allis-Chalmers Defendants' oilfield services business.

6.7     Plaintiffs and Potential Class Members did not qualify for any recognized FLSA exemption.  Specifically, Plaintiffs and Potential Class Members did not regularly perform managerial functions.  Instead, Plaintiffs and Potential Class Members spent the entirety of their working hours performing non-managerial and non-exempt functions on behalf of the Allis-Chalmers Defendants.  Plaintiffs and Potential Class Members did not customarily or regularly exercise discretionary power, nor did they possess the authority to hire or fire other employees or make weighted recommendations concerning hiring, firing, or advancement.  Further, Plaintiffs and Potential Class Members did not regularly direct or manage the work of two or more full-time employees.

6.8     The Allis-Chalmers Defendants regularly required Plaintiffs and Potential Class Members to work longer than forty (40) hours per workweek, and failed and refused to compensate them for such work in excess of forty (40) hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 207(a) of the FLSA.  29 U.S.C. § 207(a).  Accordingly, Plaintiffs contend that the Allis-Chalmers Defendants owe them, and the Potential Class Members, overtime compensation under 29 U.S.C. § 207(a)(1).

## VII.   CAUSES OF ACTION

**A.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

7.1     The Allis-Chalmers Defendants violated provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than one and one-half times the regular rates for which they were employed.

7.2     Moreover, the Allis-Chalmers Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern of failing to pay the Plaintiffs and other similarly situated employees overtime compensation.  The decision by the Allis-Chalmers Defendants not to pay overtime compensation to its non-exempt employees was neither reasonable nor in good faith.  The Allis-Chalmers Defendants knew that Plaintiffs and Potential Plaintiffs were misclassified as "independent contractors" while they worked alongside "full-time employees" and performed the same tasks and functions, but did not receive time and a half for all overtime hours worked pursuant to the FLSA.  The Allis-Chalmers Defendants' argument that Plaintiff Lopez was an

employee – not an "independent contractor" – discussed above is further evidence of a knowing violation of the FLSA.  Accordingly, the Plaintiffs and other similarly situated employees are entitled to overtime wages pursuant to the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

7.3     Further, the Allis-Chalmers Defendants fraudulently induced the Plaintiffs and Potential Class Members to not seek their unpaid overtime wages.  The Allis-Chalmers Defendants had a special relationship with the Plaintiffs and Potential Class Members as defined by law, and therefore a duty to disclose material facts and information to the Plaintiffs and Potential Class Members and failed to do so.  The Allis-Chalmers Defendants also misrepresented material facts to the Plaintiffs and Potential Class Members, that were false, known to be false, that were intended to be relied upon, and that were in fact relied upon by the Plaintiffs and the Potential Class Members to their detriment.  Such fraud includes but is not limited to (a) falsely representing to Plaintiffs and Potential Class Members that they were exempt "independent contractors" not entitled to overtime, and (b) inducing Plaintiffs and Potential Class Members to sign "independent contractor agreements" with the false promise that upon the completion of a 90-day "probationary period," each laborer would be promoted to "full-time employee" status and thereafter be eligible for overtime compensation and other benefits.  Plaintiffs both successfully completed the alleged 90-day "probationary period," but were never promoted to "full-time employee" status and did not receive overtime compensation and other benefits enjoyed by "full-time employees" working for the Allis-Chalmers Defendants.  All of these unlawful acts and omissions harmed the Plaintiffs and Potential Class Members in an amount greatly in excess of the

minimum jurisdictional limits of the Court.  As such, the Plaintiffs and Potential Class Members seek unpaid overtime wages for the maximum period of time allowed by law.

**B.      COLLECTIVE ACTION ALLEGATIONS**

7.4      On behalf of all those who are similarly situated to the Plaintiffs, the Plaintiffs file this as a collective action pursuant to 29 U.S.C. § 216(b).

7.5      Other employees have been victimized by the Allis-Chalmers Defendants' patterns, practices, and policies which are in willful violation of the FLSA.  These laborers worked for the Allis-Chalmers Defendants alongside full-time employees and performed the same tasks and functions, and were also denied their overtime wages for all hours they worked in excess of forty (40) hours per workweek.  Thus, Plaintiffs are aware that the illegal practices or policies of the Allis-Chalmers Defendants have been imposed on the Potential Class Members.

7.6      The Potential Class Members are "all current and former laborers who were misclassified as 'independent contractors' by Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, Allis-Chalmers Tubular Services, Inc. and/or Archer Tubular Services LLC, who were not paid overtime compensation for time worked in excess of forty (40) hours per workweek," and were subjected to the same illegal pay system under which the Plaintiffs worked.  These laborers regularly worked in excess of forty (40) hours in a workweek without being paid at time and a half of their regular rate of pay for all overtime hours.

7.7      The Allis-Chalmers Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Potential Class Members.  Thus, the Plaintiffs' experiences are typical of the experiences of the Potential Class Members.

7.8    The specific job titles or precise job requirements of the various Potential Class Members do not prevent collective treatment.  All of the Potential Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  Accordingly, the class of similarly situated Plaintiffs is defined as:

**ALL CURRENT AND FORMER LABORERS WHO WERE MISCLASSIFIED AS "INDEPENDENT CONTRACTORS" BY ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC, ALLIS-CHALMERS TUBULAR SERVICES, INC. AND/OR ARCHER TUBULAR SERVICES LLC, WHO WERE NOT PAID OVERTIME COMPENSATION FOR TIME WORKED IN EXCESS OF FORTY (40) HOURS PER WORKWEEK.**

## VIII.  ACCOUNTING

8.1    Plaintiffs and Potential Class Members are owed wages which equal the sum of overtime compensation not paid by the Allis-Chalmers Defendants to Plaintiffs and Potential Class Members.

8.2    Plaintiffs and Potential Class Members do not know the precise amount of compensation due to Plaintiffs and Potential Class Members. Plaintiffs and Potential Class Members were required to submit the hours they worked to the Allis-Chalmers Defendants and therefore the Allis-Chalmers Defendants possess records from which the amount of compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

8.3    The amount of interest and penalties owed to Plaintiffs and Potential Class Members is based on the amount of compensation owed to members of the Plaintiff Class by the Allis-Chalmers Defendants.  This amount can only be determined

by an accounting of books and records in the possession of the Allis-Chalmers Defendants.

## IX.    RELIEF SOUGHT

9.1    Plaintiffs respectfully pray for judgment against the Allis-Chalmers Defendants as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring the Allis-Chalmers Defendants to provide the names and addresses of all potential collective action members;

b.    For an Order approving the form and content of a Notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding the Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding the Allis-Chalmers Defendants liable for unpaid back wages due to the Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to the Plaintiffs;

e.    For an Order awarding the Plaintiffs (and those who have joined in the suit) the costs of this action;

f.    For an Order awarding the Plaintiffs (and those who have joined in the suit) their attorneys' fees;

g.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


_/s/Roger S. Braugh, Jr._
Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**


OF COUNSEL:

Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

John Flood
Federal I.D. No. 12593
Texas Bar No. 07155910
FLOOD & FLOOD
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/654-8877
Facsimile: 361/654-8879

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on all parties in compliance with the Federal Rules of Civil Procedure by first class mail, postage prepaid, or by electronic mail from the clerk of court on the 16th day of December 2011.

/s/ *Roger S. Braugh, Jr.*

Roger S. Braugh, Jr.