IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ AND<br>MICHAEL JAMES LYONS,<br>Individually and on behalf of all<br>others similarly situated<br><br><br>*Plaintiffs,*<br><br>v.<br><br>ALLIS-CHALMERS ENERGY INC.,<br>ALLIS-CHALMERS TUBULAR<br>SERVICES LLC F/K/A<br>ALLIS-CHALMERS TUBULAR<br>SERVICES, INC., AND ARCHER<br>TUBULAR SERVICES LLC<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:11-cv-353 |

---

**PLAINTIFFS' MOTION FOR CERTIFICATION OF COLLECTIVE ACTION AND
REQUEST FOR NOTICE TO POTENTIAL PLAINTIFFS
PURSUANT TO SECTION 216(b)**

---

Plaintiffs, Jose Angel Lopez and Michael James Lyons, Individually and on behalf of all others similarly situated, ("Plaintiffs"), file this Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs and would show the Court as follows:

## I. SUMMARY OF CASE

1.1     Plaintiffs have filed a Fair Labor Standards Act ("FLSA") claim against Defendants Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC f/k/a Allis-Chalmers Tubular Services, Inc., and Archer Tubular Services LLC (collectively "the Allis-Chalmers Defendants") because the Allis-Chalmers Defendants failed to pay overtime compensation to Plaintiffs and other current and former laborers who were

misclassified as "independent contractors" who worked more than forty (40) hours per workweek as is required by 29 U.S.C. § 207(a) and 29 C.F.R. § 778.101. The Allis-Chalmers Defendants routinely required these "independent contractors" to work more than forty (40) hours per workweek without paying them overtime or time and a half pursuant to the FLSA even though they performed the same tasks and functions as full-time employees who were paid in accordance with the FLSA. Further, Plaintiffs and the Potential Plaintiffs did not and currently do not perform work that meets the definition of exempt work under the FLSA. The Allis-Chalmers Defendants benefited from willfully depriving these "independent contractors" of their hard earned wages.

1.2     Additional individuals who are or were employed by the Allis-Chalmers Defendants suffer, and continue to suffer, injury as a result of the Allis-Chalmers Defendants' violations of the FLSA. These unnamed individuals are similarly situated to the named Plaintiffs because (1) they have or had similar job duties and titles, (2) they have or had the same hourly pay structure, (3) they all work or worked for the Allis-Chalmers Defendants, (4) they were all required to sign "independent contractor" agreements by the Allis-Chalmers Defendants, and (5) they were all required or permitted to work overtime without receiving time and a half pursuant to the FLSA. Accordingly, the named Plaintiffs seek to proceed in this FLSA action collectively with other similarly situated "independent contractors" of the Allis-Chalmers Defendants.

1.3     The FLSA specifically confers the right of a party plaintiff to maintain an action on behalf of him/herself and those similarly situated to him/her. 29 U.S.C. § 216(b). 29 U.S.C. § 216(b) provides, in pertinent part:

> An action to recover liability … may be maintained against any employers … by any one or more employees for and on behalf of … themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless she gives her

consent in writing to become such party and such consent is filed in the court in which such action is brought.

1.4     Collective actions serve the dual interests of serving justice and efficient case management, and benefit the plaintiffs, defendants and the courts by avoiding a multiplicity of duplicative suits, expediting the disposition of the action and reducing the attorneys' fees, costs and expenses associated with each affected individual having to pursue his or her own action. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed. 480 (1989). "These benefits, however, depend on employees receiving accurate and *timely notice* concerning the pendency of the collective action so that they can make informed decisions about whether to participate." *Id.* at 165 (emphasis added).

1.5     To that end, it is well settled that in a collective action brought pursuant to § 216(b) of the FLSA, district courts have the discretionary power to authorize the sending of notice to potential class members. *Id.* Indeed, the "broad remedial purposes of the FLSA are best served" if the district court facilitates such notice. *Brooks v. Bell South Telecommunications, Inc.*, 164 F.R.D. 561, 566 (N.D. Ala. 1955). In the absence of court-authorized notification to all similarly situated employees, those employees may (i) not receive timely, complete and accurate information as to the pendency of this action, (ii) lack meaningful access to the court, and (iii) have no practical or efficient method of vindicating their rights. *Riojas v. Seal Products, Inc.*, 82 F.R.D. 613 (S.D. Tex. 1979) (court holding that notions of fundamental fairness dictate that notice should be sent).

1.6     This Motion for Notice to Potential Plaintiffs is brought pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b). This is **not** a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rather,

under the FLSA and the case law interpreting it, individuals may bring "collective actions" on behalf of themselves and on behalf of those "similarly situated." However, in sharp contrast to Rule 23 class action cases, collective actions under this statute are **opt-in** rather than opt-out. There are potentially many other former laborers who were misclassified as "independent contractors" who may not be aware of this suit or their rights to proceed in this forum. Plaintiffs are therefore requesting that this Court issue a Notice to "all current and former laborers who were misclassified as 'independent contractors' by Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, Allis-Chalmers Tubular Services, Inc. and/or Archer Tubular Services LLC" who did not receive full compensation pursuant to the FLSA ("Potential Plaintiffs"). The Notice requested by Plaintiffs, a copy of which is attached hereto as Exhibit "A" and incorporated as if set out fully herein, would provide the Potential Plaintiffs with information about this lawsuit and allow them to make an informed decision as to whether or not to join this case.

1.7     Plaintiffs and Potential Plaintiffs were subject to a common policy, practice and procedure transgressing the requirements of the FLSA. Specifically, Plaintiffs contend that they and those current and former laborers who were required to sign "independent contractor" agreements by Defendant Allis-Chalmers and therefore "similarly situated" to them were not paid correctly for all hours worked over forty (40) hours per workweek.

1.8     Plaintiffs contend that they are similarly situated to current and former laborers who were misclassified as "independent contractors" by the Allis-Chalmers Defendants at any time from November 1, 2008 through the present.

1.9     Plaintiffs, by this Motion, request this Court to enter an order authorizing this case to move forward as a collective action.

*Motion for Certification of Collective Action and*                                                      Page 4
*Request for Notice to Potential Plaintiffs Pursuant to Section 216(b)*

1.10    Plaintiffs, by this Motion, request this Court to order the Allis-Chalmers Defendants to produce a computer-readable file containing the names and current contact information including: addresses, e-mail addresses (if available) and telephone numbers of such "similarly situated" current and former laborers from November 1, 2008 through the present so that Court-ordered notice may be implemented.

1.11    Plaintiffs, by this Motion, and pursuant to 29 U.S.C. § 215, request this Court to order the Allis-Chalmers Defendants to post, on its company bulletin boards and send via regular company newsletter, the Notice to Potential Plaintiffs authorized by the Court.

1.12    Plaintiffs, by this Motion, request this Court to order the Allis-Chalmers Defendants and individuals under its direction and control to refrain from interfering, by written or unwritten policy, by action or by statement, with the right of its employees to choose to opt-in as a Plaintiff to this cause of action and to refrain from retaliation of any kind against those employees who do choose to opt-in to this action.

1.13    In support of this Motion, Plaintiffs have submitted an appendix providing to the Court (1) a proposed Notice to Potential Plaintiffs, (2) a proposed Opt-In Consent Form, and (3) affidavits of Plaintiffs, establishing support for a collective action.

## II.    FACTS

2.1    The Allis-Chalmers are a global multi-faceted oilfield service provider serving oil and gas exploration and production companies in rental services, drilling and completion services, directional drilling, tubular services, underbalanced services and production services.   The Allis-Chalmers Defendants are headquartered in Houston, Texas, but operate throughout the United States and internationally, primarily in Argentina, Brazil and Mexico.

2.2     Plaintiff Lopez was originally employed by the Allis-Chalmers Defendants from approximately January 2005 until August 2006 as a non-exempt "full-time employee" in its tubular division.   Plaintiff Lopez was re-hired by the Allis-Chalmers Defendants and was again employed in the tubular division from approximately March 2008 until August 2008.  During his time as a non-exempt "full-time employee" of the Allis-Chalmers Defendants, Plaintiff Lopez received time and a half for all overtime hours worked pursuant to the FLSA.

2.3     Plaintiff Lopez was then re-hired by the Allis-Chalmers Defendants to perform the same work as he previously performed but this time, as an "independent contractor," from approximately November 2010 until April 2011.  Plaintiff Lopez was seriously injured in the course and scope of his employment, subsequently had his left arm amputated below the elbow, and is now unable to work.  Notably, the Allis-Chalmers Defendants argued successfully in workers' compensation pleadings in Texas that Plaintiff Lopez was an employee – not an "independent contractor" – and during the time Plaintiff Lopez was misclassified as an "independent contractor," he worked alongside full-time employees of the Allis-Chalmers Defendants performing the same tasks and functions, but Plaintiff Lopez did not receive time and a half pursuant to the FLSA.[1]  As such, principles of judicial estoppel preclude the Allis-Chalmers Defendants from now contending that Plaintiff Lopez was an "independent contractor."  *See New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968, 977-78 (2001).  Moreover, Plaintiff Lopez was paid hourly, or "straight pay," at a rate determined by the Allis-Chalmers Defendants for all hours worked.  *See* Affidavit of

---

[1] *Jose Lopez v. Allis-Chalmers Energy / AIG*; DWC NO. 11213653-01-CC, Texas Workers' Compensation Commission Hearings Division, Corpus Christi Field Office, Corpus Christi, Texas, August 23, 2011.

Jose Angel "Joe" Lopez, attached hereto as Exhibit "B" and incorporated as if set forth fully herein.

2.4     Plaintiff Lyons was employed by the Allis-Chalmers Defendants from approximately January 2011 until May 2011.  During that time, Plaintiff Lyons worked for the Allis-Chalmers Defendants in its tubular division alongside "full-time employees" and performed the same tasks and functions, but did not receive time and a half for all overtime hours worked pursuant to the FLSA.  Moreover, Plaintiff Lyons was paid hourly, or "straight pay," at a rate determined by the Allis-Chalmers Defendants for all hours worked.  *See* Affidavit of Michael James Lyons, attached hereto as Exhibit "C" and incorporated as if set out fully herein.

2.5     The Allis-Chalmers Defendants required the Plaintiffs to sign an "independent contractor agreement" prior to employment, and represented that each Plaintiff would be promoted to "full-time employee" status upon the completion of a 90-day probationary period, and thereafter become eligible for overtime compensation and other benefits.   Plaintiffs both successfully completed the alleged 90-day "probationary period" but were never promoted to "full-time employee" status. Instead, the Allis-Chalmers Defendants required or permitted the Plaintiffs to work alongside "full-time employees" and perform the same tasks and functions, but were not paid time and a half for all hours they worked over forty (40) hours per workweek. The Allis-Chalmers Defendants either determined or were responsible for almost every factor in the profit or loss equation of its oilfield services business as the Plaintiffs and Potential Class Members had no substantial investment in the business dealings of the Allis-Chalmers Defendants and were simply paid for services rendered.  Plaintiffs and Potential Class Members worked exclusively on jobs secured by the Allis-Chalmers Defendants.   The Allis-Chalmers Defendants supplied all of the tools and major

equipment needed for jobs and did not charge Plaintiffs and the Potential Class Members for the use of those items.  In addition, the Allis-Chalmers Defendants supplied the materials used for the jobs on which Plaintiffs and the Potential Class Members worked.  The Allis-Chalmers Defendants determined the fees and costs paid by its customers and in turn its customers paid the Allis-Chalmers Defendants for the work done.  Moreover, Plaintiffs and the Potential Class Members performed their services under the name of the Allis-Chalmers Defendants and the services performed were directly integrated into the Allis-Chalmers Defendants' oilfield services business.

2.6     The Plaintiffs and Potential Plaintiffs did not qualify for any recognized FLSA exemption.  Specifically, the Plaintiffs and Potential Plaintiffs did not regularly perform managerial functions.  Instead, the Plaintiffs and Potential Plaintiffs spent the entirety of their working hours performing non-managerial and non-exempt functions on behalf of Defendant Allis-Chalmers.  The Plaintiffs and Potential Plaintiffs did not customarily or regularly exercise discretionary power, nor did they possess the authority to hire or fire other employees or make weighted recommendations concerning hiring, firing, or advancement.  Further, the Plaintiffs and Potential Plaintiffs did not regularly direct or manage the work of two or more full-time employees.

2.7     The Allis-Chalmers Defendants regularly required the Plaintiffs and Potential Plaintiffs to work longer than forty (40) hours per workweek, and failed and refused to compensate them for such work in excess of forty (40) hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 207(a) of the FLSA.  29 U.S.C. § 207(a).  Accordingly, the Plaintiffs contend that the Allis-Chalmers Defendants owe them, and the Potential Plaintiffs, overtime compensation under 29 U.S.C. § 207(a)(1).

2.8     Plaintiffs do not presently know the names, addresses and/or telephone numbers of all "independent contractors" with whom they worked with at the Allis-Chalmers Defendants.

### III.     ISSUE PRESENTED

3.1     Should Potential Plaintiffs be notified about the existence of this action so that they can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid overtime compensation?

### IV.     THE COURT IS AUTHORIZED TO ISSUE NOTICE TO ALL POTENTIAL OPT-INS

4.1     Courts are authorized to facilitate notice to potential plaintiffs in collective actions brought under 29 U.S.C. § 216(b). *Hoffman-LaRoche*, 493 U.S. at 169; *Dybach*, 942 F.2d at 1567-68.   Court facilitation of notice to potential opt-ins serves the "broad remedial purpose of the Act [FLSA]." *Dybach*, 942 F.2d at 1567.

4.2     For an opt-in class to be created under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.), *cert. denied*, ___ U.S. ---___, 117 S.Ct. 435 (1996). Plaintiffs' claims and positions need not be identical to those of putative class members, but need only be similar. *Id.*; *Tucker*, 872 F. Supp. at 947.  Plaintiffs need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist. *Grayson v. K Mart*, 79 F.3d at 1097.

4.3     The standard plaintiffs must meet is thus considerably less stringent than the proof required for joinder pursuant to Fed. R. Civ. P. 20(a) or for class certification under Fed. R. Civ. P. 23. *Grayson v. K Mart*, 79 F.3d at 1096. *See also, Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) (applying a "fairly lenient standard" for §216(b) determinations). It is also abundantly clear that the notice motion is not a ruling

on the merits of the Plaintiffs' claims. *Grayson v. K Mart*, 79 F.3d at 1099 n.17; *Garner*, 802 F. Supp. at 423 n.3. *See also, Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) (plaintiffs need not demonstrate they will prevail on the merits even to obtain class certification under the more demanding requirements of Rule 23 and the requirements of Section 216(b) are far less stringent).

4.4     In sum, all Plaintiffs need demonstrate at this stage of a collective action is that "there are other employees of the ... employer who [may] desire to "opt-in" and that these other employees are "similarly situated" with respect to their job requirements and with regard to their pay provisions." *Dybach*, 942 F.2d at 1567-68; *Tucker*, 927 F. Supp. at 947. Plaintiffs may establish this through substantial and detailed allegations in their complaint with some modicum of evidentiary support in the form of affidavits. *Grayson v. K Mart*, 79 F.3d at 1097. As demonstrated below, Plaintiffs in this case more than meet this standard for creating an opt-in class and for issuance of notice under §216(b).

A.     **Issuance of Notice is Appropriate in This Case Because Plaintiffs Meet the Similarly Situated Standard.**

4.5     In this case, the current and former misclassified "independent contractors" of the Allis-Chalmers Defendants who were required to routinely work more than forty (40) hours in a workweek without being paid overtime for all such hours, form a cohesive group of similarly situated employees. The Allis-Chalmers Defendants had a practice of requiring "independent contractors" to work more than forty (40) hours per workweek without paying them time and a half even though they performed the same tasks and functions as full-time employees who were paid time and a half pursuant to the FLSA. Because each member of the proposed opt-in "class" was required to work more than forty (40) hours per workweek and was paid on an

hourly basis, the overtime claims presented in this case can readily be adjudicated on a collective action basis.

4.6     There is no significant difference between the job duties and responsibilities of the representative Plaintiffs and Potential Plaintiffs that hold or held the misclassified position of "independent contractor" from November 1, 2008 to the present.

4.7     Plaintiffs readily meet the liberal standard for court facilitation of a FLSA collective action, because: (a) there are other employees of the employer who desire to "opt-in"; (b) these other employees are "similarly situated" with respect to their job requirements and with regard to their pay provisions; and (c) Plaintiffs have demonstrated the above through the substantial allegations of the Complaint, the consents already filed with the Court, and the Affidavits filed to date.  Therefore, the Court should authorize this lawsuit to proceed as a FLSA collective action and also authorize mailing of a notice to all current and former laborers who are or were misclassified as "independent contractors" by the Allis-Chalmers Defendants during the three years prior to filing of the Original Complaint through the present.

**B.     There Are Other Similarly Situated Employees Who May Desire to Opt-In.**

4.8     There are an as of yet undetermined number of current and former employees who are similarly situated to those Plaintiffs who have already filed Consent Forms in this action and who also may desire to opt into this collective action.  The Affidavits attached hereto state that the Plaintiffs currently in this case are aware of hundreds and potentially thousands of other current or former employees who may be interested in joining this lawsuit.  *See* Exhibits "B" and "C."  In sum, the Consent forms already on file, combined with the attached Affidavits establish the existence of other

similarly situated employees who potentially have large monetary claims and would likely join the lawsuit if they became aware of this action and the procedures available for opting in.   Those eligible to opt-in represent hundreds of current and former misclassified "independent contractors" of the Allis-Chalmers Defendants.

4.9     In spite of the fact that the Allis-Chalmers Defendants knew it owed overtime pay to these individuals, it has not paid this overtime pay.  Indeed, the Allis-Chalmers Defendants willfully sought to avoid its obligations to pay Plaintiffs as required by law. *See* Exhibits "B" and "C."

4.10    Given the Allis-Chalmers Defendants' willful failure to obey the law, it is likely that the two (2) Plaintiffs who have opted into this case thus far represent only the tip of the iceberg of the back pay obligations of these Defendants.  Indeed, there are likely to be many more current and former laborers misclassified as "independent contractors" of the Allis-Chalmers Defendants who are similarly situated to the Plaintiffs herein and who would desire to opt in if they were aware of this action.

C.     **Plaintiffs Have Carried Their Burden of Demonstrating a Reasonable Basis for a Collective Action Determination**.

4.11    Plaintiffs have carried their burden of demonstrating the propriety of proceeding as a collective action through the substantial allegations of the Original and Amended Complaints, the Consent Forms already filed with the Court, and the Affidavits attached hereto.  *See* Exhibits "B" and "C."   Typically, discovery is not necessary prior to a determination on the issue of Section 216(b) notice. *Mooney*, 54 F.3d at 1213-14.  Rather, a collective action is to be authorized and notice issued when plaintiffs have demonstrated a reasonable basis for the class allegations of the complaint by filing Affidavits and Consents from class members. *Grayson v. K Mart*, 79 F.3d at 1097.  As such, Plaintiffs' Motion is fully supported by the allegations in the Original

and Amended Complaints, the Consent Forms on file, and the attached Affidavits. *See* Exhibits "B" and "C."

**D.      Notice Must be Expedited Due to the Running of the Statute of Limitations.**

4.12    Notice to the class should be expedited in this action in order to prevent the running of the statute of limitations or the diminishment of the damages recovery period for potential plaintiffs who desire to opt-in to the case. *Knight v. Columbus, GA*, 19 F.3d. 582; 29 U.S.C. §255(a). The statute of limitations is tolled for a named plaintiff in a FLSA collective action on the date the complaint is filed; but for those opting in the statute generally is tolled only on the later date when each individual's written Consent Form is filed with the court. *Grayson v. K Mart*, 79 F.3d at 1105-06; 29 C.F.R. §790.21(b)(2).

4.13    For each day that passes while notice has not been provided to potential opt-ins, former employees of the Allis-Chalmers Defendants are being deprived of their right to sue and/or are having the potential value of their claims diminished. Circulating notice to these putative plaintiffs is thus essential to allow current and former employees of the Allis-Chalmers Defendants to act to protect their interests. Without notice, they are unaware of this action and their rights to opt-in, and they are powerless to prevent their claims from slipping away.

4.14    Therefore, notice should be expedited in this action to the maximum extent feasible and should be sent to all similarly situated current and former laborers who were misclassified as "independent contractors" of the Allis-Chalmers Defendants employed during the maximum three-year potential liability period beginning three years prior to the filing of the Original Complaint through the present. *See Belcher*, 927 F. Supp. at 252.

E.    **The Proposed Notice is Fair and Adequate.**

4.15    A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche*, 493 U.S. at 170. Court authorized notice prevents "misleading communications" and assures the dissemination of accurate information. *Id.* at 172; *Garner*, 802 F. Supp. at 422. Plaintiffs' proposed Notice meets these criteria.

4.16    Plaintiffs' proposal for court approved notice to the potential opt-ins is "timely, accurate, and informative" as required. *Hoffman-LaRoche*, 493 U.S. at 172; Ex. 12. It provides notice of the pendency of the action and of the opportunity to opt-in. *Id.* Plaintiffs' legal claims are accurately described. *Id.* Potential opt-ins are advised that they are not required to participate, and the proposed Notice provides clear instructions for how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action.[2] *Id.*

4.17    Plaintiffs have proposed that the Notice and Consent Forms be mailed by first class mail to all current and former laborers misclassified as "independent contractors" by the Allis-Chalmers Defendants during the period beginning three years prior to the filing of the Original Complaint through the present. Plaintiffs also have proposed that those class members interested in participating would be required to file their Consents with the Court within ninety (90) days of their receipt of the mailing. This is consistent with established practice under the FLSA. *Hoffmann-LaRoche*, 493 U.S. at 172; *Garner*, 802 F. Supp. at 422 (cut off date expedites resolution of action); *Hipp*, 164 F.R.D. at 576 (M.D. Fla. 1996) (120 day filing period); *Belcher*, 927 F. Supp. at 252-55

---

[2] *See also* FLSA, 29 U.S.C. § 215 (a)(3); *Reich v. Davis*, 50 F.3d 962 (11th Cir. 1995).

(exemplar of company-wide notice).  In sum, the proposed Notice is fair and accurate and should be approved for distribution.

**F.**      **The Proposed Limited Discovery is Essential to Ensure Timely Notice.**

4.18     Discovery of a mailing list for Section 216(b) class members is a routine component of notice in collective actions.  *Hoffman-LaRoche*, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses...");  *Grayson v. K Mart*, 79 F.3d at 1111 (ordering production of mailing list); *Belcher*, 927 F. Supp. at 252 (same); *Hipp*, 164 F.R.D. at 576 (same).  Plaintiffs submit that this Motion may be resolved without the need for extensive or time-consuming discovery.  *Mooney*, 54 F.3d at 1213-14.  Even so, as a practical matter, a mailing list is essential to the timely notice required by Section 216(b).  *Hoffmann-LaRoche*, 493 U.S. at 170.

## V.      RELIEF SOUGHT

5.1     Plaintiffs ask that the Court approve the attached proposed Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA.

5.2     To facilitate the Notice process and preserve the rights of those who have not yet opted-in, Plaintiffs have attached a proposed Notice to Potential Plaintiffs and Notice of Consent form to be approved by the Court.  *See* Exhibits "A" and "A-1." Plaintiffs seek to notify a group of potential plaintiffs described as follows:

> **ALL CURRENT AND FORMER LABORERS WHO WERE MISCLASSIFIED AS "INDEPENDENT CONTRACTORS" BY ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC, ALLIS-CHALMERS TUBULAR SERVICES, INC. AND/OR ARCHER TUBULAR SERVICES LLC, WHO WERE NOT PAID OVERTIME COMPENSATION FOR TIME WORKED IN EXCESS OF FORTY (40) HOURS PER WORKWEEK FROM NOVEMBER 1, 2008 THROUGH THE PRESENT.**

5.3    Plaintiffs do not have access to a list of all of the Allis-Chalmers Defendants' misclassified "independent contractors" that performed duties similar to those performed by Plaintiffs and who were denied overtime pay for hours worked over forty (40) per week from November 1, 2008 through the present.   Therefore, Plaintiffs request that the Court order the Allis-Chalmers Defendants to produce a computer-readable file containing the names, addresses, e-mail addresses (if available) and home telephone and cell phone numbers of such similarly situated current and former laborers who were misclassified as "independent contractors" from November 1, 2008 through the present so that Court-ordered notice may be implemented.[3]

5.4    Requiring the Allis-Chalmers Defendants to provide this information will carry out the purposes of Section 216(b) and help ensure that each affected individual will be located and provided with appropriate notice so each can determine whether he/she wants to "opt-in" as a plaintiff in this collective action.

5.5    All of the information requested above is necessary to locate the similarly situated affected individuals.   As mentioned earlier, accurate and timely notice is critical to the preservation of employees' legal rights in FLSA collective actions and will be maintained in accordance with the Court's standard protective order.

5.6    Plaintiffs also request that the Court order the Allis-Chalmers Defendants to post the attached Notice, along with the Consent forms, in each of the Allis-Chalmers Defendants' offices where "similarly situated" individuals are employed.

5.7    Plaintiffs requests that all potential plaintiffs be given ninety (90) days from the date of mailing of the notices to "opt-in" to the collective action.

---

[3] *See Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F.Supp.2d 642, 655-56 (S.D. Tex. 2010) (Defendant ordered to produce in a usable electronic format the names, addresses, phone numbers, and e-mail addresses of all potential opt-in plaintiffs).

*Motion for Certification of Collective Action and*                                              Page 16
*Request for Notice to Potential Plaintiffs Pursuant to Section 216(b)*

## VI.   CONCLUSION

6.1    In order to facilitate the purpose of the FLSA's collective action provisions, this Court should authorize a Court-approved notice to be issued by Plaintiffs to Potential Plaintiffs.  Such a Notice will allow those employees whose rights are eroding each day to be informed of this action and their right to join.  Plaintiffs have met their burden to show that other similarly situated individuals exist and are interested in asserting their claims.

Respectfully submitted,

By:        /s/ Roger S. Braugh, Jr.
Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
SICO, WHITE, HOELSCHER & BRAUGH L.L.P.
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78401
Telephone:  361-653-3300
Facsimile:  361-653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Craig M. Sico
State Bar No. 18339850
Federal I.D. No. 13540
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
Stuart R. White
Texas Bar No. 24075268
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

John Flood
Federal I.D. No. 12593
Texas Bar No. 07155910
FLOOD & FLOOD
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/654-8877
Facsimile: 361/654-8879

## CERTIFICATE OF CONFERENCE

Plaintiffs have conferred with defense counsel regarding the relief sought by way of this notice.  The Allis-Chalmers Defendants are neither opposed nor unopposed as they are unable to formulate a position to the motion at this time.

_/s/ Roger S. Braugh, Jr._
Roger S. Braugh, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of January, 2012, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system and/or Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

Michael J. Muskat
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002

*Attorneys for Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC f/k/a Allis-Chalmers Tubular Services, Inc. and Archer Tubular Services LLC*

_/s/ Roger S. Braugh, Jr._
Roger S. Braugh, Jr.

*Motion for Certification of Collective Action and*
*Request for Notice to Potential Plaintiffs Pursuant to Section 216(b)*

Page 19