IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ AND | § | |
| MICHAEL JAMES LYONS, | § | |
| Individually and on behalf of all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-00353 |
| | § | |
| ALLIS-CHALMERS ENERGY INC., | § | |
| ALLIS-CHALMERS TUBULAR | § | |
| SERVICES LLC F/K/A ALLIS- | § | |
| CHALMERS TUBULAR SERVICES, | § | |
| INC., AND ARCHER TUBULAR | § | |
| SERVICES LLC | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFFS'
MOTION FOR CERTIFICATION OF COLLECTIVE ACTION
AND REQUEST FOR NOTICE TO POTENTIAL PLAINTIFFS**

---

MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

Attorneys for Defendants

# TABLE OF CONTENTS

Table of Contents ................................................................................................ i

Table of Authorities ............................................................................................ ii

Introduction and Summary of the Argument ..................................................... 1

Background .......................................................................................................... 1

    A.   Plaintiff Lopez and His Ongoing Personal Injury Litigation Against Defendants .......... 2

    B.   Relevant Details Regarding the Defendants in this Matter. ............................. 3

Argument ............................................................................................................ 4

I.     No Class May Be Certified Because the Named Plaintiffs Have Failed to Demonstrate That Anyone Other Than Themselves Has Any Interest in Joining this Case ....................... 4

II.    No Class May Be Certified Because Lopez's Unique Reasons and Incentives for Pursuing These Claims Mean That He Is Not Similarly Situated to Putative Class Members. .......... 6

III.   The Plaintiffs' Proposed Class of All "Laborers" Employed by All Defendants is Improperly Vague, Overbroad, and Does Not Consist of "Similarly Situated" Persons ........ 8

IV.   To the Extent Any Class Could Be Certified, It Would Be a More Limited Class Than That Proposed By Plaintiffs. .................................................................. 10

V.    To the Extent Any Class is Certified and the Court Authorizes Notice to Putative Class Members, Plaintiff's Proposed Notice is One-Sided, Misleading, and Objectionable on Multiple Other Grounds. .......................................................... 10

    A.   Plaintiffs' Proposed Notice is Improperly One-Sided in Numerous Respects and is Not an Accurate or Neutral Recitation of the Allegations in the Case ....................... 11

    B.   The Proposed Notice Improperly Fails to Apprise Class Members of Their Potential Obligations and the Potential Risks They Incur in Pursuing this Case .......... 12

    C.   The Proposed Notice is Inaccurate or Insufficiently Precise in its Description of the Putative Class. ...................................................................... 14

    D.   The Proposed Notice is Unnecessarily Repetitive, Which Has the Effect of Improperly Emphasizing Plaintiff's Allegations at the Expense of Defendants' Denials. ....................................................................... 14

    E.   The Proposed Opt-in Period of 90 Days is Too Long. ............................... 15

    F.   The Proposed Notice Improperly Directs Class Members to Plaintiffs' Counsel's Website for More Information. ............................................. 15

    G.   Plaintiffs are Not Entitled to Putative Class Members' Telephone Numbers or E-mail Addresses, and Plaintiffs Provide No Reason to Post the Notice or Distribute It by "Company Newsletter." ................................................. 15

Conclusion ......................................................................................................... 16

Certificate of Service .......................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

*Aguirre v. SBC Communications, Inc.*,
     2006 U.S. Dist. LEXIS 22211, at **19-20(S.D. Tex. Apr. 11, 2006) (Rosenthal, J.)............... 4

*Babych v. Psychiatric Solutions, Inc.*,
     No. 09 C 8000, 2011 U.S. Dist. LEXIS 130167, at**15-16 (N.D. Ill. Nov. 9, 2011)............. 10

*Bernard v. Household Int'l, Inc.*,
     231 F. Supp. 2d 433 (E.D. Va. 2002) ................................................................................. 9

*Botello, et. al. v. COI Telecom, LLC, et al.*,
     2010 U.S. Dist. LEXIS 138572, at **24-25 (W.D. Tex. Dec. 30, 2010) ................................ 9

*Camper v. Home Quality Mgmt. Inc.*,
     200 F.R.D. 516 (D. Md. 2000)............................................................................................ 9

*Castillo v. Hernandez*,
     2010 U.S. Dist. LEXIS 118457, at **16-17 (W.D. Tex. Nov. 4, 2010)................ 11, 12, 14, 15

*Fasanelli v. Heartland Brewery, Inc.*,
     516 F. Supp.2d 317 (S.D.N.Y. 2007) ................................................................................. 12

*Feder v. Elec. Data Sys. Corp.*,
     429 F.3d 125 (5th Cir. 2005) .............................................................................................. 8

*Gary Plastic Packaging Corp. v. Merrill Lynch, Piece, Fenner & Smith, Inc.*,
     903 F.2d 176 (2d Cir. 1990) ............................................................................................... 8

*Gonzales v. Hair Club for Men, Ltd., Inc.*,
     2007 U.S. Dist. LEXIS 26160, at *10 (M.D. Fla. Ap. 9, 2007) ............................................. 9

*Harper v. Lovett's Buffet, Inc.*,
     No. 98-A-941-S, 185 F.R.D. 358 (M.D. Ala. 1999)............................................................... 9

*Hernandez v. Bob Mills Furniture Co. of Tex., LP*,
     2011 U.S. Dist. LEXIS 26395, at *6 (N.D. Tex. Mar. 15, 2011) (Robinson, J.)....................... 5

*Hoffman-La Roche, Inc. v. Sperling*,
     493 U.S. 165 (1989)......................................................................................................... 11

*In re Fedex Ground Package Sys., Inc., Employment Practices Litigation*,
     662 F. Supp.2d 1069 (N.D. Ind. 2009) ................................................................................. 7

*Joiner v. Groupware Int'l, Inc.*,
     2010 U.S. Dist. LEXIS 59107, at *6 (M.D Fla. May 27, 2010)........................................ 12, 13

*Laroque v. Domino's Pizza, LLC*,
     557 F. Supp. 2d 346 (E.D.N.Y. 2008) ................................................................................. 9

*Lawson v. Bell South Telecommunications, Inc.*,
     2011 U.S. Dist. LEXIS 91322, at **34-35 (N.D. Ga. Aug. 16, 2011) .............................. 13, 15

*Lopez v. Insurance Company of the State of Pennsylvania*,
   Docket No. CC-11-213653-01-CC-CC43 ............................................................. 2

*McKinzie v. Westlake Hardware, Inc.*,
   2010 U.S. Dist. LEXIS 58078, at *13 (W.D. Mo. June 11, 2010) ......................... 13

*Mims v. Carrier Corp.*,
   2007 U.S. Dist. LEXIS 102270, at *12 (E.D. Tex. Sept. 11, 2007) ....................... 15

*Morales v. Thang Hung Corp.*,
   2009 U.S. Dist. LEXIS 71765, at **10-11 (S.D. Tex. Aug. 14, 2009) (Miller, J.) ..... 5

*Moultry v. Cemex, Inc.*,
   2007 U.S. Dist. LEXIS 68654 (M.D. Fla. Sept. 7, 2007) ................................. 10, 13

*Nehmelman v. Penn Nat'l Gaming, Inc.*,
   2011 U.S. Dist. LEXIS 111485, at *54 (N.D. Ill. Sept. 29, 2011) ......................... 15

*Nehmelman v. Penn Nat'l Gaming, Inc.*,
   2011 U.S. Dist. LEXIS 111485, at *55 (N.D. Ill. Sept. 29, 2011) ......................... 13

*O'Donnell v. Robert Half Int'l, Inc.*,
   429 F. Supp. 2d 246 (D. Mass. 2006) ........................................................... 9

*Pomareda v. Homebridge Mortgage Bankers Corp.*,
   2007 U.S. Dist. LEXIS 12572, at **6-7 (S.D. Fla. Feb. 22, 2007) ......................... 9

*Rueda v. Tecon Servs., Inc.*,
   2011 U.S. Dist. LEXIS 69356, at **11-12 (S.D. Tex. June 28, 2011) (Rosenthal, J.) ..... 8

*Simmons v. T-Mobile USA, Inc.*,
   2007 U.S. Dist. LEXIS 5002, at **33-34 (S.D. Tex. Jan. 24, 2007) (Atlas, J.) ......... 5

*Simpkins v. Pulte Home Corp.*,
   2008 U.S. Dist. LEXIS 64270, at *28 (M.D. Fla. Aug. 21, 2008) ..................... 12, 13

*Snide v. Discount Drug Mart, Inc.*,
   2011 U.S. Dist. LEXIS 133736, at **17-18 (N.D. Ohio Oct. 7, 2011) ......... 11, 13, 15

*Songer v. Dillon Resources, Inc.*,
   569 F. Supp.2d 703 (N.D. Tex. 2008) (McBryde, J.) ......................................... 5

*Stiles v. Fee Transp. Servs., Inc.*,
   2010 U.S. Dist. LEXIS 24250, at *8 (N.D. Tex. Mar. 15, 2010) (Boyle, J.) ............. 5

*Theriault v. WM&B, LLC*,
   2006 U.S. Dist. LEXIS 98556, at *8 (S.D. Tex. Aug. 18, 2006) (Ellison, J.) ........... 5

*Tolentino v. C & J Spec-Rent Servs. Inc.*,
   716 F. Supp.2d 642 (S.D. Tex. 2010) (Jack, J.) ............................................... 8

*Trinh v. JP Morgan Chase & Co.*,
   No. 07-CV-1666 W (WMC), 2008 U.S. Dist. LEXIS 33016,
   at **6-7 (S.D. Cal. Apr. 22, 2008) .............................................................. 9

*Tucker v. Labor Leasing Inc.*,
   872 F. Supp. 941 (M.D. Fla. 1994) ............................................................. 9

*Villarreal v. St. Luke's Episcopal Hosp.*,
  751 F. Supp.2d 902 (S.D. Tex. 2010) ...................................................................... 16

*Vogt v. Tex. Instruments, Inc.*,
  2006 U.S. Dist. LEXIS 67226 (N.D. Tex. Sept. 19, 2006) (Ramirez, J.).......................... 10, 16

*Whalen v. United States*,
  85 Fed. Cl. 380 (Fed. Ct. Cl. 2009) ................................................................. 12, 13

## Introduction and Summary of the Argument

This is a putative FLSA collective action brought by two relatives who allege that they were misclassified as independent contractors and did not receive overtime pay over periods of a few months and weeks, respectively.  For several reasons, the case cannot be conditionally certified as a collective action.  First, these two relatives have failed to demonstrate, as they must, that anyone other than themselves has any interest in joining this case.  Second, Jose Lopez, who is the lead plaintiff, is not similarly situated to the rest of the putative class.  Lopez is suing the company in a separate personal injury lawsuit, and thus he has unique reasons and incentives for pursuing this FLSA case – including but not limited to his desire to obtain admissions in this case regarding his employment status that he believes would be useful in the personal injury litigation – that make him not similarly situated.  Third, the proposed class of all "laborers" employed by all Defendants is improperly vague, overbroad, and does not consist of "similarly situated" persons.

In the alternative, and to the extent that any class could be conditionally certified, it would be a more limited class than what is proposed by Plaintiffs.  Also, the proposed Notice form submitted by Plaintiffs would have to be substantially revised, as it is improperly one-sided, misleading, and objectionable on multiple other grounds.

## Background

Named Plaintiffs Jose Lopez and Michael Lyons are relatives – either father and son-in-law, or perhaps uncle and nephew – who performed services for Allis-Chalmers Tubular Services LLC ("Tubular Services") under independent contractor agreements.  Lopez performed services under his contractor agreement for certain weeks during the time period of mid-November 2010 to March 29, 2011. (Declaration of Cynthia Matlock ¶ 4, attached as Exhibit A) Lyons performed services under his contractor agreement with Tubular Services for just four

weeks, from April 17, 2011 to May 14, 2011.  (*Id.*)  At least as of the time they contracted with Tubular Services, Lopez and Lyons appear to have lived together, or perhaps Lopez was Lyons' landlord, based on the fact that Tubular Services' records – including the contractor agreements that each of them signed – list the same home address for them.  (*Id.*)

> ### A.   Plaintiff Lopez and His Ongoing Personal Injury Litigation Against Defendants.

Lopez stopped performing services for Tubular Services after an on-the-job injury he suffered on March 29, 2011.  Following that injury, a claim for workers' compensation benefits was filed.  The hearing officer in the workers' comp proceeding concluded that Lopez was an "employee" of Tubular Services for purposes of the Workers' Compensation Act.  (*See* page 4 of the Decision and Order in *Lopez v. Insurance Company of the State of Pennsylvania*, Docket No. CC-11-213653-01-CC-CC43, in the Texas Department of Insurance Division of Workers' Compensation, Attachment 1 to Exhibit B, Declaration of Anderson Lee.)

Lopez has also filed a personal injury lawsuit against Tubular Services and other entities in state court in Maverick County, Texas.  (*See* Petition in *Jose Angel Lopez and Jennifer Lopez v. Allis-Chalmers Energy Inc. et al.,* Cause No. 11-08-26783, in the 365th Judicial District Court of Maverick County, Texas, Attachment 2 to Lee Declaration.)   Lopez alleges in that lawsuit that he "was an independent contractor performing well casing services" at the time of his injury. (Petition ¶ 5.1)  Lopez further alleges in that suit that his claims are not barred by the exclusivity provisions of the Texas Workers' Compensation Act, because he "had signed an "Independent Contractor" contract with the Allis-Chalmers Defendants specifying that he was not an employee of the company."  (*Id.*¶ 5.5)   Lopez is represented in the personal injury case by Roger S. Braugh and the law firm of Sico, White, Hoelscher & Braugh L.L.P., the same lawyers who represent him in this FLSA case.

In this FLSA case – which Lopez filed after the personal injury lawsuit – Lopez alleges that based on the legal positions allegedly taken by "Allis-Chalmers" in the workers' comp and personal injury matters, Defendants are "estopped" from denying his status as an employee under the FLSA.  (First Amended Complaint ¶ 6.3)[1]  Defendants have filed an answer denying, among other things, Lopez's estoppel claim, and asserting the affirmative defense that Lopez himself may be estopped from contesting his status under the FLSA, based on the representations and findings in the workers' comp proceeding, as well as the pleadings he has filed in the personal injury lawsuit claiming that he was an independent contractor.  (Defendants' Original Answer ¶ 13, Docket Entry No. 4)

### B.     Relevant Details Regarding the Defendants in this Matter.

While Plaintiffs have named Allis-Chalmers Energy Inc. as a defendant in this matter, in fact that entity is a parent holding company that does not employ anyone or contract with any individuals for services.  (Lee Decl. ¶ 2)  Instead, Allis-Chalmers Tubular Services LLC is the entity that contracted with the named Plaintiffs in this matter.  That entity has since been re-named Archer Tubular Services LLC ("Tubular Services").[2]  Tubular Services is a specialized company that provides pipe handling services, including installing casing and tubing, and changing out drill pipe and retrieving production tubing for both onshore and offshore drilling and work over operations.  (*Id.* ¶ 3)

---

[1]     Lopez is wrong that "Allis-Chalmers" took any position in the workers' comp proceeding as to his employment status, because "Allis-Chalmers" was not a party to that proceeding.  The responding party in the workers' comp proceeding was the workers' compensation carrier, the Insurance Company of the State of Pennsylvania.  (*See* Attachment 1 to Lee Declaration).

[2]     Lopez acknowledged and agreed during his workers' comp proceeding that to the extent he was an "employee" of any entity, that entity was Tubular Services.  (*See* Attachment 1 to Lee Declaration, p. 2)

3

Tubular Services is structured to operate through several different geographic districts. (Matlock Decl. ¶ 2)  The company's South Texas District is run by a District Manager.  The South Texas District Manager hires workers to perform services within the South Texas District, and determines whether such workers should be classified as independent contractors or employees.  (*Id.*)  Lopez and Lyons were retained in 2010 and 2011, respectively, by the South Texas District Manager via independent contractor agreements, and they performed services for and within the South Texas District.  (*Id.*)

The South Texas District does not classify workers as "laborers."  (*Id.*¶ 3)  It uses different job titles for workers, including casing floor hand, tong operator, and stabber.  (*Id.*) Lopez and Lyons were retained as casing floor hands.  (*Id.*)  The South Texas District also hires people to be field supervisors (also known as "pushers"), but neither Lopez nor Lyons worked as a field supervisor.  (*Id.*)

<u>**Argument**</u>

**I.    No Class May Be Certified Because the Named Plaintiffs Have Failed to Demonstrate That Anyone Other Than Themselves Has Any Interest in Joining this Case.**

As most courts have held, including many judges in the Southern District of Texas, a class should not be conditionally certified in an FLSA case unless the named plaintiff(s) provide proof not merely that there are similarly situated persons that exist, but that there are putative class members who actually want to opt into the lawsuit.  *See Aguirre v. SBC Communications, Inc.*, 2006 U.S. Dist. LEXIS 22211, at **19-20 (S.D. Tex. Apr. 11, 2006) (Rosenthal, J.) (plaintiff must establish that the alleged similarly situated individuals "want to opt-in to the lawsuit," and denying conditional certification in part because the eight named plaintiffs had done nothing more than make brief and conclusory statements to this effect and did not submit opt-in forms or affidavits from putative class members); *Simmons v. T-Mobile USA, Inc.*, 2007

U.S. Dist. LEXIS 5002, at **33-34 (S.D. Tex. Jan. 24, 2007) (Atlas, J.) (conditional certification denied in part because the named plaintiff was required to show that "at least a few" putative class members desired to join the case, but did not do so); *Songer v. Dillon Resources, Inc.*, 569 F. Supp.2d 703, 707-08 (N.D. Tex. 2008) (McBryde, J.) (conditional certification denied in part because the twenty-four (24) named plaintiffs submitted only speculative and conclusory allegations that anyone else "would actually opt in given the opportunity"); *Morales v. Thang Hung Corp.*, 2009 U.S. Dist. LEXIS 71765, at **10-11 (S.D. Tex. Aug. 14, 2009) (Miller, J.) (named plaintiff's statement that he "believed" that three putative class members would join the case was insufficient without affidavits from the class members stating an actual desire to opt in); *Hernandez v. Bob Mills Furniture Co. of Tex., LP*, 2011 U.S. Dist. LEXIS 26395, at *6 (N.D. Tex. Mar. 15, 2011) (Robinson, J.) (conditional certification denied in part because the named plaintiff "offers no evidence that any potential plaintiff would actually opt-in to this litigation if given the chance"); *Stiles v. Fee Transp. Servs., Inc.*, 2010 U.S. Dist. LEXIS 24250, at *8 (N.D. Tex. Mar. 15, 2010) (Boyle, J.) (conditional certification denied in part because the two named plaintiffs identified only four other putative class members and supplied no proof that any of those four members would actually want to opt in); *Theriault v. WM&B, LLC*, 2006 U.S. Dist. LEXIS 98556, at *8 (S.D. Tex. Aug. 18, 2006) (Ellison, J.) (conditional certification denied in part because the named plaintiff did not specifically identify any other putative class members and did not provide any proof that any such members would want to opt in).

There is particularly good reason in this case to enforce this requirement, because Lopez, the lead plaintiff, has unique motivations to pursue these FLSA claims: Namely, to exert further leverage on the Defendants that may assist him in his personal injury lawsuit, and to attempt to obtain admissions about his employment status that he thinks would be potentially useful in the

personal injury lawsuit, where he is expressly attempting to avoid the application of the exclusive remedy provisions of the Workers' Compensation Act on the ground that he is an "independent contractor." (*See* Plaintiffs' Original Petition ¶ 5.5, attached as Attachment 2 to Lee Declaration)  In other words, Lopez is uniquely interested in litigating this case, and there is no reason to simply assume that any of the other persons who may make up a putative class would have any interest in joining him to pursue these claims.

Very notably, no one other than Lopez and his relative Lyons has opted into this case, and neither Lopez nor Lyons provide any other acceptable form of proof that anyone other than themselves would join this case.[3]  Given Lopez's unique motivations and interests in this case, and the absence of any proof of any other opt in plaintiffs, no class should be conditionally certified in this matter under the numerous well-reasoned cases cited above.

## II.   No Class May Be Certified Because Lopez's Unique Reasons and Incentives for Pursuing These Claims Mean That He is Not Similarly Situated to Putative Class Members.

Even had the named Plaintiffs presented proof that others want to opt in (which they did not), no class should be certified because Lopez's unique incentives for pursuing the claims in this case make him an improper representative to pursue claims on behalf of a class.  Most obviously, Lopez's desire and/or ability to use this case to obtain leverage in his personal injury litigation, or his desire to attempt to obtain useful admissions about employment status for that litigation, may make him either more or less amenable to potential settlement, or may cause him

---

[3]      Disturbingly, Plaintiffs' Motion falsely asserts otherwise, representing that the named Plaintiffs' affidavits "state that the Plaintiffs currently in this case are aware of hundreds and potentially thousands of other current and former employees who may be interested in joining this lawsuit." (Motion at 11)  In fact, neither Lopez's nor Lyons' affidavit says anything about anyone who is or even may be interested in opting in.  Moreover, to be clear, it would not be enough to merely speculate that there are others who "may be" interested in joining, or to "believe" that others will join.  The cases cited above have required proof – typically through the filing of opt in forms – that other putative class members actually want to opt in.

to be more or less aggressive in settlement discussions, than would be in the best interests of absent class members. Or, his unique incentives could cause him to engage in litigation activity – and thereby drive up attorneys' fees to be expended by both sides – that may be of benefit to him and his personal injury case, but are not in the best interest of absent class members given plaintiffs' counsel's fee arrangement, or the possibility of cost-shifting in the event that defendants prevail. Lopez's distinct and individual interests in this case mean that his claims are not similarly situated to those of the putative class, and he should not be permitted to represent a class. *See, e.g.*, *In re Fedex Ground Package Sys., Inc.*, *Employment Practices Litigation*, 662 F. Supp.2d 1069, 1082 (N.D. Ind. 2009) (observing that although the FLSA does not incorporate Federal Rule 23's adequacy-of-representation requirement, "inadequacy of representation is nevertheless an equitable consideration at issue in determining whether to certify a putative [FLSA] class," and ultimately denying certification as to one of the proposed classes because the named plaintiffs' narrowing of the putative class created a conflict between themselves and the original class members).[4]

Another reason that Lopez is not similarly situated to the putative class is that Defendants may possess dispositive defenses to Lopez's claims based on his previous representations in his workers' comp case and the personal injury case that he was an independent contractor and not an employee. While Defendants do not contend at this time that employee status under the Workers' Compensation Act is co-extensive with employee status under the FLSA, to the extent that Lopez is successful in convincing the Court that they *are* co-extensive (as it appears he wishes to do), Defendants would then certainly assert that Lopez's arguments in his personal

---

[4] The fact that Lopez's relative Lyons is a named plaintiff as well does not solve the problem, because the named plaintiffs *each* would and must represent the class, and so Lopez's interests must be alignment with everyone else's interests regardless of Lyons.

injury action regarding his contactor status – and his reliance in that action on the contractor agreement he signed with Tubular Services – estop him in this lawsuit from challenging his contractor status.   As courts have held in the Rule 23 context, when there are unique and significant defenses applicable to a named plaintiff's claims only, the class representative is inadequate.  *See, e.g.*, *Feder v. Elec. Data Sys.Corp.,* 429 F.3d 125, 136 (5th Cir. 2005); *Gary Plastic Packaging Corp. v. Merrill Lynch, Piece, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990).

Because the lead plaintiff in this matter is not similarly situated to the putative class members given his unique interests and incentives, no class may be conditionally certified.

### III.   The Plaintiffs' Proposed Class of All "Laborers" Employed by All Defendants is Improperly Vague, Overbroad, and Does Not Consist of "Similarly Situated" Persons.

As discussed in the Background section above, Lopez and Lyons contracted exclusively with Tubular Services and were retained exclusively by, and paid exclusively by, Tubular Services' South Texas District. Plaintiffs provide no evidence of any alleged improper pay practices outside of the South Texas District, or any basis they would have to question the pay practices of other districts.  As the courts have repeatedly held, alleged violations occurring as to a group of workers at one independent facility or location do not, without more, support conditional certification of a class of workers at other facilities.  *See, e.g.*, *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp.2d 642, 652-53 (S.D. Tex. 2010) (Jack, J.) (class limited to the employer's coil tubing division because named plaintiffs failed to demonstrate that employees in divisions other than the coil tubing division were similarly situated); *Rueda v. Tecon Servs., Inc.*, 2011 U.S. Dist. LEXIS 69356, at **11-12 (S.D. Tex. June 28, 2011) (Rosenthal, J.) ("FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice."); *O'Donnell v. Robert Half Int'l, Inc.*,

429 F. Supp. 2d 246(D. Mass. 2006) (motion for conditional certification denied where plaintiffs, two former staffing managers in a single division of a single office, attempted to include all staffing professionals employed in any division in any state); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 355 (E.D.N.Y. 2008) (limiting class to the pizza store where named plaintiffs worked because the employees' evidence failed to show that they were similarly situated to employees at other locations who worked under different managers); *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 520-21 (D. Md. 2000) (class limited to one facility because their factual showing of uncompensated work known to the supervisors was limited to one facility); *Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435-36 (E.D. Va. 2002) (class limited to two offices in Virginia because information was insufficient to support allegations that defendant has a company-wide policy); *Pomareda v. Homebridge Mortgage Bankers Corp.*, 2007 U.S. Dist. LEXIS 12572, at **6-7 (S.D. Fla. Feb. 22, 2007) (class limited to one office where named plaintiff employed); *Gonzales v. Hair Club for Men, Ltd., Inc.*, 2007 U.S. Dist. LEXIS 26160, at *10 (M.D. Fla. Ap. 9, 2007) (class limited to salon where named plaintiffs worked); *Tucker v. Labor Leasing Inc.*, 872 F. Supp. 941, 948 (M.D. Fla. 1994) (class limited to the one terminal that the named plaintiffs worked out of because there was no evidence of other employees being similarly situated); *Harper v. Lovett's Buffet, Inc.*, No. 98-A-941-S, 185 F.R.D. 358, 363 (M.D. Ala. 1999) (class limited to the one restaurant in which the named plaintiffs worked); *Trinh v. JP Morgan Chase & Co.*, No. 07-CV-1666 W (WMC), 2008 U.S. Dist. LEXIS 33016, at **6-7 (S.D. Cal. Apr. 22, 2008) (class limited to location where named plaintiffs worked); *Botello, et. al. v. COI Telecom, LLC, et al.*, 2010 U.S. Dist. LEXIS 138572, at **24-25 (W.D. Tex. Dec. 30, 2010) (court rejected proposed statewide class in contactor misclassification case); *Babych v. Psychiatric Solutions, Inc.*, No. 09 C 8000, 2011 U.S. Dist. LEXIS 130167,

at**15-16 (N.D. Ill. Nov. 9, 2011) (class limited to the facility where the named plaintiff worked); *Vogt v. Tex. Instruments, Inc.*, 2006 U.S. Dist. LEXIS 67226 (N.D. Tex. Sept. 19, 2006) (Ramirez, J.) (class limited class to one group of employees in one location); *Moultry v. Cemex, Inc.*, 2007 U.S. Dist. LEXIS 68654 (M.D. Fla. Sept. 7, 2007) (class limited to one location).

A separate problem with the proposed class is that the named Plaintiffs were not "laborers" (the term used in Plaintiffs' Motion), but were instead hired to do the job of a casing floor hand, a specific job title.  Plaintiffs do not present any evidence to support their proposed class of what they call "laborers."

## IV.    To the Extent Any Class Could Be Certified, It Would Be a More Limited Class Than That Proposed By Plaintiffs.

Although Defendants believe that there are fundamental and irresolvable problems in this matter that make conditional certification inappropriate, such as the absence of interest from any putative class members and Lopez's unique interests and incentives in this case, to the extent any class *could* be conditionally certified in this matter, it would be a class limited to similarly situated persons, which would consist of: (a) workers in the positions of casing floor hand, tong operator, and stabber (i.e., non-field supervisor positions), who (b) worked in Tubular Services' South Texas District in the three years prior to the filing of this matter, *i.e.*, since November 1, 2008.  Defendants offer this proposed alternative class without waiving their right to seek de-certification of any such class later in the litigation.

## V.    To the Extent Any Class is Certified and the Court Authorizes Notice to Putative Class Members, Plaintiff's Proposed Notice is One-Sided, Misleading, and Objectionable on Multiple Other Grounds.

The Court plays a critical role in assuring that any notice to class members is accurate, not misleading, and judicially neutral.  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-

74 (1989).  In the event that the Court is inclined to conditionally certify a class and authorize

notice, Defendants have attached clean and redlined copies of an alternative proposed notice and

alternative consent form that are fair and appropriate and address the multiple concerns raised

below regarding Plaintiffs' proposed documents.  *See* Exhibits C and D.

> **A.    Plaintiffs' Proposed Notice is Improperly One-Sided in Numerous Respects and is Not an Accurate or Neutral Recitation of the Allegations in the Case.**

The specific problems include:

- In the "To:" line on page 1, the proposed Notice improperly assumes that the Plaintiffs' allegations of misclassification are correct, in that it is addressed to persons who were "<u>Mis</u>classified" as independent contractors.  (Emphasis added).   It is necessary, instead, to refer to the class members neutrally as persons who were "classified" as independent contractors, or who signed independent contractor agreements.

- The Notice fails to properly state that the Defendants deny the allegations and deny that the class members are entitled to relief.  The proposed Notice should be modified to include these statements.  *See, e.g.*, *Castillo v. Hernandez*, 2010 U.S. Dist. LEXIS 118457, at **16-17 (W.D. Tex. Nov. 4, 2010) (approvingly concluding that the proposed notice forms "adequately inform potential class members that Defendants dispute the claims at issue and that the Court expresses no opinion as to the ultimate merits of the case or the ultimate validity of the conditionally-certified class"); *Snide v. Discount Drug Mart, Inc.*, 2011 U.S. Dist. LEXIS 133736, at **17-18 (N.D. Ohio Oct. 7, 2011) (notice must include defendant's denials of plaintiffs' allegations).

- The Notice fails to explain – even in general terms – the fee arrangement that will exist between the class members and plaintiff's counsel.  This information should be

disclosed so that the class members have adequate information to assess the pros and cons of opting-in. *See, e.g.*, *Whalen v. United States*, 85 Fed. Cl. 380, 389 (Fed. Ct. Cl. 2009) (information about the fee arrangement must be disclosed because it 'may have an impact on [an] 'opt-in' plaintiff's recovery.'" (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp.2d 317, 324 (S.D.N.Y. 2007))).

- The Notice contains the case heading, which could inadvertently suggest that the Court has lent its imprimatur to the Plaintiffs' claims. *Whalen*, 85 Fed. Cl. at 389.

- The Notice fails to state that the Court does not endorse or take any position on the merits of Plaintiffs' claims. *See, e.g.*, *Castillo*, 2010 U.S. Dist. LEXIS 118457, at **16-17.

**B.    The Proposed Notice Improperly Fails to Apprise Class Members of Their Potential Obligations and the Potential Risks They Incur in Pursuing this Case.**

Just as the Notice sets forth the potential benefits should the class members join the case and then prevail, the Notice should also inform the class members of their obligations in participating. Specifically:

- The Notice fails to notify class members that if they join the case, they may be obligated to answer discovery and sit for depositions, which could include travel. The courts have repeatedly required such disclosures. *See, e.g.*, *Simpkins v. Pulte Home Corp.*, 2008 U.S. Dist. LEXIS 64270, at *28 (M.D. Fla. Aug. 21, 2008) (the notice "should explain that opt-in plaintiffs may be required to sit for depositions, answer interrogatories, and could be responsible for a portion of Defendant's costs"); *Joiner v. Groupware Int'l, Inc.*, 2010 U.S. Dist. LEXIS 59107, at *6 (M.D Fla. May 27, 2010) (the notice must explain "that the plaintiffs may be deposed, which may

12

entail travel, and may be propounded discovery for which they must invest time to answer"); *McKinzie v. Westlake Hardware, Inc.*, 2010 U.S. Dist. LEXIS 58078, at *13 (W.D. Mo. June 11, 2010) (the notice must state that the class members may be required to participate in discovery, which could include travel to Kansas City, where the case was filed); *Whalen v. United States*, 85 Fed. Cl. 380, 389 (Fed. Ct. Claims 2009) (notice must state that class members may be deposed and required to testify); *Snide*, 2011 U.S. Dist. LEXIS 133736, at **17-18 (notice must include language regarding participation, including depositions); *Lawson v. Bell South Telecommunications, Inc.*, 2011 U.S. Dist. LEXIS 91322, at **34-35 (N.D. Ga. Aug. 16, 2011) (notice must state that class members could be required to participate by responding to written questions, sitting for depositions, or testifying in court).

- The Notice fails to notify class members that if Plaintiffs do not prevail, the class members could be responsible for payment of Defendants' costs.  Courts have routinely required that such disclosures be included in class notices so that class members are fully apprised of both the potential benefits *and* risks of joining the case. *See, e.g.*, *Moultry v. Cemex, Inc.*, 2007 U.S. Dist. LEXIS 68654, at *4 (M.D. Fla. Sept. 7, 2007) (requiring plaintiffs to amend the notice to state that if the action is unsuccessful, plaintiffs may be responsible for Defendants' costs); *Simpkins*, 2008 U.S. Dist. LEXIS 64270, at *28 (same); *Joiner*, 2010 U.S. Dist. LEXIS 59107, at *6 (same); *McKinzie v. Westlake Hardware, Inc.*, 2010 U.S. Dist. LEXIS 58078, at *13 (W.D. Mo. June 11, 2010) (same); *Nehmelman v. Penn Nat'l Gaming, Inc.*, 2011 U.S. Dist. LEXIS 111485, at *55 (N.D. Ill. Sept. 29, 2011) (same); *Snide*, 2011 U.S. Dist. LEXIS 133736, at *17 (same).

**C.    The Proposed Notice is Inaccurate or Insufficiently Precise in its Description of the Putative Class.**

Specifically:

- In the "To:" line on page 1, the proposed Notice is improperly addressed to "Laborers" who were retained by the "Allis-Chalmers Defendants."  The Notice should be directed to the specific job titles at issue (Tubular Services does not use a "Laborer" job title) and properly reflect the contracting entity as "Archer Tubular Services LLC, formerly known as Allis-Chalmers Tubular Services LLC." *See, e.g.*, *Castillo*, 2010 U.S. Dist. LEXIS 118457, at *17 (notice form must accurately identify the class).

- In several other places, the proposed Notice improperly refers to the "Allis Chalmers Defendants."  The Notice should properly reflect the contracting entity as "Archer Tubular Services LLC, formerly known as Allis-Chalmers Tubular Services LLC."

- In the "To:" line of page 1, the proposed Notice improperly omits the time period at issue in the case.  The Notice should reflect that it is being addressed to persons who performed services from November 1, 2008 to the present.

- The Notice fails to properly make clear that only persons who worked more than 40 hours per week would be potentially entitled to recover anything in this case.

**D.    The Proposed Notice is Unnecessarily Repetitive, Which Has the Effect of Improperly Emphasizing Plaintiff's Allegations at the Expense of Defendants' Denials.**

The proposed Notice twice states that failure to opt in means that class members will not receive any relief from the suit if Plaintiffs prevail.  This unnecessary repetition is a not-so-subtle effort to encourage class members to opt in, and this point should only be made once.

14

### E.    The Proposed Opt-in Period of 90 Days is Too Long.

Most courts have held that more limited periods, such as 45 or 60 days, are appropriate notice periods.  *See, e.g.*, *Castillo*, 2010 U.S. Dist. LEXIS 118457, at **17-18 (finding 90 days to be "excessive" and approving 60 days instead); *Mims v. Carrier Corp.*, 2007 U.S. Dist. LEXIS 102270, at *12 (E.D. Tex. Sept. 11, 2007) (approving 60-day notice period); *Nehmelman v. Penn Nat'l Gaming, Inc.*, 2011 U.S. Dist. LEXIS 111485, at *54 (N.D. Ill. Sept. 29, 2011) (approving 60-day notice period); *Lawson v. Bell South Telecommunications, Inc.*, 2011 U.S. Dist. LEXIS 91322, at **34-35 (N.D. Ga. Aug. 16, 2011) (approving 60-day period); *Snide*, 2011 U.S. Dist. LEXIS 133736, at **17-18 (45-day notice period is appropriate).

### F.    The Proposed Notice Improperly Directs Class Members to Plaintiffs' Counsel's Website for More Information.

Neither Defendants nor the Court have had an opportunity to review or approve the information on the site to assure that it is accurate.  Moreover, that information could presumably change in content at any time and potentially even conflict with the class Notice or render the Notice confusing.   Thus, the reference to Plaintiffs' counsel's website should be removed, or at a minimum, Plaintiffs should submit the proposed content for review by Defendants and the Court, and ultimate approval by the Court.

### G.    Plaintiffs are Not Entitled to Putative Class Members' Telephone Numbers or E-mail Addresses, and Plaintiffs Provide No Reason to Post the Notice or Distribute It by "Company Newsletter."

Plaintiffs request that Defendants be ordered to produce a "computer-readable file containing the names, addresses, e-mail addresses (if available) and home and cell phone numbers" of each putative class member.  (Complaint ¶ 5.3)  But because mailing is the preferred and accepted means of providing notice, there is no reason to require Defendants to further invade the class members' privacy interests by producing telephone numbers or e-mail

addresses (if any), especially in the absence of a showing by plaintiffs that mailing is or would be inadequate. *See, e.g.*, *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp.2d 902, 920 (S.D. Tex. 2010) (class members' names, last known mailing addresses, any alternate addresses, birthdates, and dates of employment are sufficient for class notice purposes); *Vogt v. Texas Instruments, Inc.*, 2006 U.S. Dist. LEXIS 67226, at **11-12 (N.D. Tex. Sept. 19, 2006) (rejecting request for class members' telephone numbers on the ground that it unnecessarily invaded the class members' privacy interests, and plaintiffs had not shown that mailing was an inadequate method of notice).

Although Plaintiffs' proposed Order requests only that notice be provided by mail, their Motion requests that the Notice be posted "on its company bulletin boards and sen[t] via regular company newsletter."  (Motion ¶ 1.11; *see also id.* ¶ 5.6, requesting that the Notice be posted "in each of the Allis-Chalmers Defendants' offices where 'similarly situated' individuals are employed").   Again, courts have typically held that the mailing process is an accepted and adequate means of conveying notice, and thus there is no need for workplace posting or inclusion in any alleged "company newsletter."  *See, e.g.*, *Villarreal*, 751 F. Supp.2d at 920 n.104 (posting unnecessary).  There is no reason to require posting in this case in the absence of evidence that mailing is insufficient, especially since posting is unlikely to reach many of the class members, given that their workplace(s) are wellsites that change on a day-to-day basis.  Moreover, none of the putative class members receive any "company newsletter," and so it makes no sense to order notice by newsletter.

### Conclusion

For the reasons expressed above, the Court should deny Plaintiffs' motion for conditional certification.  Alternatively, it should certify the alternative class set out by Defendants above,

and in that case approve and authorize the proposed Notice and opt-in forms attached to this brief as Exhibit C.

Respectfully submitted,

/s/ Michael J. Muskat
MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

Attorneys for Defendants

OF COUNSEL:

GABRIELLE S. MOSES
State Bar No. 24063878
ALLISON R. MAY
State Bar No. 24059281
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

## CERTIFICATE OF SERVICE

This is to certify that on February 7, 2012, a true and correct copy of this pleading has been served on Plaintiffs' counsel of record via the Electronic Case Filing system.

/s/ Michael J. Muskat
MICHAEL J. MUSKAT