IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ AND MICHAEL JAMES LYONS, Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-00353 |
| ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC F/K/A ALLIS-CHALMERS TUBULAR SERVICES, INC., AND ARCHER TUBULAR SERVICES LLC, | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' MOTION FOR RECONSIDERATION
OF THE COURT'S FEBRUARY 8, 2012 ORDER (DOCKET ENTRY 15)**

Defendants hereby respectfully move for a limited reconsideration of the Court's February 8, 2012 Order granting Plaintiffs' motion for certification of a collective action (Docket Entry 10). In particular, Defendants respectfully request that the Court reconsider the scope of the certified class and limit the scope to the current and former casing floor hands, stabbers, and tong operators who were working in Tubular Services' *South Texas District*, the district in which both named Plaintiffs worked.

Defendants have presented evidence that the South Texas District functions independently in making classification decisions. (Matlock Decl. ¶ 2, attached as Ex. A to Defendants' Response, Docket Entry 14) Plaintiffs have presented no evidence of any alleged improper pay practices outside of the South Texas District or any common policy throughout Tubular Services. Under these circumstances, Defendants respectfully suggest that the certified

class should be limited to the South Texas District.[1]  *See, e.g.*, *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp.2d 642, 652-53 (S.D. Tex. 2010) (Jack, J.) (class limited to the employer's coil tubing division because named plaintiffs failed to demonstrate that employees in divisions other than the coil tubing division were similarly situated); *Rueda v. Tecon Servs., Inc.*, 2011 U.S. Dist. LEXIS 69356, at **11-12 (S.D. Tex. June 28, 2011) (Rosenthal, J.) ("FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice."); *see also* cases cited in Defendants' Response at pp. 8-10.

Accordingly, Defendants respectfully request that the Court reconsider its February 8, 2012 Order, and limit the scope of the class to the South Texas District.

Respectfully submitted,

/s/ Michael J. Muskat
MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

Attorneys for Defendants

OF COUNSEL:

GABRIELLE S. MOSES
State Bar No. 24063878
ALLISON R. MAY
State Bar No. 24059281
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

---

[1] While Defendants seek reconsideration and propose this alternative class, Defendants do not waive their right to seek de-certification of any such class later in the litigation.

## **CERTIFICATE OF SERVICE**

      This is to certify that on February 10, 2012, a true and correct copy of this pleading has been served on Plaintiffs' counsel of record via the Electronic Case Filing system.

                                          /s/ Michael J. Muskat
                                          MICHAEL J. MUSKAT