IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ AND MICHAEL JAMES LYONS, Individually and on behalf of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC F/K/A ALLIS-CHALMERS TUBULAR SERVICES, INC., AND ARCHER TUBULAR SERVICES LLC<br><br>*Defendants* | §§§§§§§§§§§§§§§§§§ | Civil Action No. 2:11-cv-353 |

## PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR SANCTIONS

Plaintiffs, Jose Angel Lopez and Michael James Lyons, Individually and on behalf of all others similarly situated, ("Plaintiffs"), file this their Opposed Motion to Compel Discovery Responses and Motion for Sanctions, and would show the Court as follows:

### I. INTRODUCTION

1.1 The Allis-Chalmers Defendants filed a motion for protective order on February 29, 2012 in an attempt to thwart Plaintiffs' access to reasonable and necessary discovery in this case.[1]

1.2 This Court denied the motion on March 23, 2012, thereby allowing Plaintiffs to proceed with discovery.[2] The Allis-Chalmers Defendants filed a Motion for Reconsideration of

---

[1] D.E. 23.

[2] D.E. 63.

Order Denying Protective Order on April 2, 2012, asserting the same arguments and complaints that were previously denied.[3]

1.3  Plaintiff Lopez served discovery on the Allis-Chalmers Defendants requesting specific and proper information, documents, and materials on March 7, 2012. Plaintiff Lopez received objections and responses to those discovery requests on April 12, 2012.[4] The Allis-Chalmers Defendants' objections and responses are in blatant disregard of this Court's order denying their motion for protective order. Plaintiffs have conferred with the Allis-Chalmers Defendants regarding their objections and the Allis-Chalmers Defendants are unwilling at this time to remove those objections pending "further guidance from the Court," which they expect to receive at a hearing on Defendants' motion for reconsideration, which is scheduled for April 13, 2012 at 2:30 p.m.

1.4  Plaintiffs have not been provided with a single responsive document to their discovery requests and cannot be expected to sit idly by while the Allis-Chalmers Defendants continue to delay Plaintiffs' requests for reasonable and necessary discovery. As such, Plaintiffs request that the Allis-Chalmers Defendants' objections be overruled and that they be ordered to provide responses and/or produce documents to the above-referenced discovery requests immediately.

1.5  Plaintiffs further request that the Court impose reasonable sanctions on the Allis-Chalmers Defendants for their refusal to comply with this Court's order to proceed with discovery.

---

[3] D.E. 67.

[4] True and correct copies of Defendants' discovery responses are attached hereto as Exhibits "A" through "C" and incorporated as if set forth fully herein.

## II. ARGUMENTS AND AUTHORITIES

2.1 Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b)(1). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

2.2 Plaintiffs have analyzed the discovery responses and note that the Allis-Chalmers Defendants failed to answer a single request without objection and did not produce a single responsive document.[5] All of Plaintiffs' discovery requests are proper pursuant to Rule 26(b) and within the bounds of this Court's recent order denying the Allis-Chalmers Defendants' motion for protective order. Further, the information responsive to these requests is absolutely necessary for Plaintiffs to properly litigate this case.

2.3 The Allis-Chalmers Defendants continue to cite their "offer of complete relief under the FLSA to Plaintiffs and opt-in class members" as reason to evade Plaintiffs' discovery requests. This is in direct contravention of this Court's order denying their motion for protective order and should be overruled. The Allis-Chalmers Defendants should not be allowed to continue to hide behind this promise of settlement all the while refusing to admit liability or comply with this Court's orders. As a result of the Allis-Chalmers Defendants' refusal to provide Plaintiffs with any meaningful discovery responses, Plaintiffs are unable to enter into any serious settlement talks with the Allis-Chalmers Defendants at this time.

2.4 Further, Defendants' answers to Plaintiff Lopez's Requests for Admissions are non-responsive, as they did not specifically admit or deny the requests. For example, in their response to Requests for Admission No. 1, Defendants offer the following –

> "Defendants object that this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in light of Defendants' offer to expand the class to all independent contractors of Allis-Chalmers Tubular Services, LLC n/k/a Archer

---

[5] *See* Exhibits "A" through "C."

> Tubular Services, LLC and offer of complete relief under the FLSA to Plaintiffs and opt-in class members. Defendants further object that this request incorporates a legal conclusion to the extent it characterizes Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted) as a "division" of some other unnamed entity."

The remaining fifty-eight (58) requests for admission are met with the same objection. As such, this Court may deem these matters admitted. *See Southern Ry. v. Crosby*, 201 F.2d 878, 889 (4th Cir. 1953) (denying "accuracy of a statement" or refusing to admit does not deny truth of statement and is equivalent to admission).

2.5     As mentioned throughout, the Allis-Chalmers Defendants failed to answer a single request without objection and did not produce a single responsive document to Plaintiff Lopez's reasonable and necessary discovery requests. Plaintiffs are therefore forced to ask this Court to impose sanctions on the Allis-Chalmers Defendants for not only their refusal to comply with the discovery requests, but their complete and utter disregard for this Court's order to proceed with discovery, and their callous indifference to Plaintiffs' need for information in this case.

2.6     The purpose of sanctions is to secure compliance with the rules, to deter future violation of the rules, and to punish parties that violate the rules. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). When considering sanctions, the court should ensure that any sanction comports with due process. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982). The sanctions imposed must have a direct relationship to the offensive conduct. *See Martin v. Brown*, 63 F.3d 1252, 1263-64 (3d Cir. 1995); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

2.7     The court may impose sanctions under its inherent powers on a person for conduct in bad faith, for willful disobedience of a court order, or for fraud on the court. *See Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991); *Harlan v. Lewis*, 928 F.2d 1255, 1259-60 (8th Cir. 1993).

2.8     Plaintiffs cannot properly prosecute their cause without the necessary documents and complete answers to discovery. Further, Plaintiffs have incurred expenses in preparing and filing this motion to obtain relief. Pursuant to Federal Rule of Civil Procedure 11(c)(4), Plaintiffs are entitled to reasonable expenses incurred in obtaining the order, including attorneys' fees in the amount of $2,500.00. Additionally, the Court has discretion to impose further monetary or non-monetary sanctions as deemed necessary to ensure compliance with the rules, and to deter future discovery violations by the Allis-Chalmers Defendants.

### III.    CONCLUSION

For the above and foregoing reasons, Plaintiffs respectfully request that this Court overrule the Allis-Chalmers Defendants' objections to discovery requests, order that responsive answers and production of responsive materials occur immediately, and order appropriate sanctions, costs for the preparation of this motion, expenses and attorneys' fees for attending the hearing, and for such other and further relief to which Plaintiffs may show themselves to be justly entitled.

        Respectfully submitted,

        By:      /s/ *Roger S. Braugh, Jr.*
                Roger S. Braugh, Jr.
                Federal I.D. No. 21326
                Texas Bar No. 00796244
                SICO, WHITE, HOELSCHER & BRAUGH L.L.P.
                900 Frost Bank Plaza
                802 N. Carancahua
                Corpus Christi, Texas 78401
                Telephone:  361-653-3300
                Facsimile:  361-653-3333

        **ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Craig M. Sico
State Bar No. 18339850
Federal I.D. No. 13540
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
Stuart R. White
Texas Bar No. 24075268
SICO, WHITE, HOELSCHER & BRAUGH L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

John Flood
Federal I.D. No. 12593
Texas Bar No. 07155910
FLOOD & FLOOD
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/654-8877
Facsimile: 361/654-8879

## CERTIFICATE OF CONFERENCE

As stated in Paragraph 1.3, Plaintiffs have attempted to resolve this discovery dispute without necessity of court intervention, but were unable to resolve this dispute.

                        */s/ Roger S. Braugh, Jr.*
                        Roger S. Braugh, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of April 2012, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system and/or Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

Michael J. Muskat
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002

*Attorneys for Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC f/k/a Allis-Chalmers Tubular Services, Inc. and Archer Tubular Services LLC*

                        */s/ Roger S. Braugh, Jr.*
                        Roger S. Braugh, Jr.