# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ AND MICHAEL JAMES LYONS, Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-00353 |
| ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC F/K/A ALLIS-CHALMERS TUBULAR SERVICES, INC., AND ARCHER TUBULAR SERVICES LLC, | § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' OBJECTIONS TO REQUESTS FOR ADMISSION

TO:  Jose Angel Lopez and Michael James Lyons, by and through their attorney of record, Roger S. Braugh, Jr., Sico, White, Hoelscher & Braugh, LLP, 802 N. Carancahua, Suite 900, Corpus Christi, Texas 78401

**COMES NOW,** Defendants Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC F/K/A Allis-Chalmers Tubular Services, Inc., and Archer Tubular Services, LLC ("Archer") and pursuant to the Federal Rules of Civil Procedure, submit the following Objections to Requests for Admission.

1

Respectfully submitted,

_____
MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

Attorneys for Defendants

OF COUNSEL:

GABRIELLE S. MOSES
State Bar No. 24063878
ALLISON R. MAY
State Bar No. 24059281
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

## CERTIFICATE OF SERVICE

This is to certify that on April 9, 2012, a true and correct copy of this pleading has been served on Plaintiffs' counsel of record via certified mail, return receipt requested.

_____
MICHAEL J. MUSKAT

2

## RESPONSES TO REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:

Admit that Jose Angel Lopez was employed by you from January of 2005 until August of 2006 as a "non-exempt" employee in the tubular division.

**RESPONSE:** Defendants object that this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in light of Defendants' offer to expand the class to all independent contractors of Allis-Chalmers Tubular Services, LLC n/k/a Archer Tubular Services, LLC and offer of complete relief under the FLSA to Plaintiffs and opt-in class members. Defendants further object that this request incorporates a legal conclusion to the extent it characterizes Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted) as a "division" of some other unnamed entity.

REQUEST FOR ADMISSION NO. 2:

Admit that Jose Angel Lopez was employed by you from March of 2008 until August of 2008 as a "non-exempt" employee in the tubular division.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 3:

Admit that Jose Angel Lopez was employed by you from November of 2010 until April of 2010 as an "independent contractor."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 4:

Admit that Jose Angel Lopez performed the same work for you as an "independent contractor" as he performed when he was a "non-exempt" employee.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 5:

Admit that Jose Angel Lopez worked alongside your "non-exempt" full-time employees and performed the same tasks and functions as your "non-exempt" full-time employees at all times that he worked for you.

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this request is too vague and conclusory to permit a response.

REQUEST FOR ADMISSION NO. 6:

Admit that during the time he was employed by you as an "independent contractor" Jose Angel Lopez was not paid overtime at a rate no less than time and one half for some or all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 7:

Admit that you misclassified Jose Angel Lopez as an "independent contractor."

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendant further objects that this Request improperly incorporates a legal conclusion.

REQUEST FOR ADMISSION NO. 8:

Admit that Michael James Lyons was employed by you from January of 2011 until May of 2011 as an "independent contractor."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 9:

Admit that Michael James Lyons worked alongside your "non-exempt" full-time employees and performed the same tasks and functions as your "non-exempt" full-time employees at all times when he worked for you.

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this request is too vague and conclusory to permit a response.

REQUEST FOR ADMISSION NO. 10:

Admit that during the time he was employed by you as an "independent contractor" Michael James Lyons was not paid overtime at a rate no less than time and one half for some or all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 11:

Admit that you misclassified Michael James Lyons as an "independent contractor."

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this Request improperly incorporates a legal conclusion.

REQUEST FOR ADMISSION NO. 12:

Admit that you either determined or were responsible for every factor in the profit or loss equation of your oilfield service business in that Plaintiffs had no substantial investment in your business and were simply paid for services rendered.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 13:

Admit that Plaintiffs worked exclusively on jobs secured by you and were unable to hold other jobs given the extensive hours required by you.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 14:

Admit that Plaintiffs were not required to exhibit a high degree of independent skill or initiative to perform jobs secured by you.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 15:

Admit that you directed the manner and means in which Plaintiffs performed their work and you provided Plaintiffs with transportation to their respective job sites while they were employed by you as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 16:

Admit that Plaintiffs did not have any employees that they supervised while they were employed by you as "independent contractors."

5

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 17:

Admit that Plaintiffs acted solely under your discretion while they were employed by you as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 18:

Admit that you supplied all of the tools and major equipment needed for jobs and did not charge Plaintiffs for the use of those items while they were employed by you as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 19:

Admit that you supplied the materials used for the jobs on which the Plaintiffs worked while they were employed by you as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 20:

Admit that you determined the fees and costs paid by your customers and in turn your customers paid you for the work done while Plaintiffs were employed by you as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 21:

Admit that Plaintiffs lacked any meaningful control over the amount of compensation earned or hours worked as they were assigned to specific shifts by you, called upon to work at any time by you, and were paid a non-negotiable hourly rate of pay by you while they were employed by you as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 22:

Admit that Plaintiffs faced disciplinary measures, including but not limited to, demotions, lower rates of pay and even termination if they were unable or refused to respond to a scheduled shift or specific job call while they were employed by you as "independent contractor."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 23:

Admit that Plaintiffs performed their services under your name while they were employed by you as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 24:

Admit that the services performed by Plaintiffs were directly integrated into your oilfield service business while they were employed by you as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 25:

Admit that the Insurance Company of the State of Pennsylvania is currently your workers' compensation carrier.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 26:

Admit that the Insurance Company of the State of Pennsylvania was your workers' compensation carrier at the inception and for the duration of the personal injury lawsuit involving Jose Angel Lopez.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 27:

Admit that the Insurance Company of the State of Pennsylvania is your agent.

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this Request improperly incorporates a legal conclusion.

REQUEST FOR ADMISSION NO. 28:

Admit that the Insurance Company of the State of Pennsylvania was your agent at the inception and for the duration of the personal injury lawsuit involving Jose Angel Lopez.

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this Request improperly incorporates a legal conclusion.

REQUEST FOR ADMISSION NO. 29:

Admit that the Insurance Company of the State of Pennsylvania had the legal authority to bind you when it took the position in the personal injury lawsuit that Jose Angel Lopez was an employee at the time of the accident.

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this Request improperly incorporates a legal conclusion.

REQUEST FOR ADMISSION NO. 30:

Admit that your decision to classify "non-exempt" full-time employees as "independent contractors" is not limited to the South Texas District.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 31:

Admit that Plaintiffs were told by you that they were "probationary employees" for six months and did not qualify for overtime pay until they worked for you at least six months at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 32:

Admit that Plaintiffs were never promoted by you from "probationary employee" status and continued to receive only straight hourly pay from you regardless of the number of hours worked per workweek at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 33:

Admit that Plaintiffs were routinely required by you to work from Sunday through Sunday at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this Request is vague and confusing in its reference to a "Sunday through Sunday" time period.

REQUEST FOR ADMISSION NO. 34:

Admit that Plaintiffs were required by you to stay at the drilling rig (or other offsite) location from Sunday through Sunday and lived in a pick-up truck owned by you on site at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this Request is vague and confusing in its reference to a "Sunday through Sunday" time period.

REQUEST FOR ADMISSION NO. 35:

Admit that Plaintiffs were picked up by one of your employees, including but not limited to supervisors and foremen, at your yard on Flato Road in Corpus Christi, Texas, and then transported to the drilling rig (or other offsite) location for that day and/or week at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 36:

Admit that you provided Plaintiffs with bread, water, and one package of ham for the entire workweek at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 37:

Admit that you required Plaintiffs to work in excess of twenty (20) hours per day at any point in time from November 1, 2008 to present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 38:

Admit that Plaintiffs had no set hours for rest and/or sleep and would be pulled out frequently and required by you to work at a moment's notice at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 39:

Admit that the same foreman and/or supervisor employed by you who drove the Plaintiffs to offsite locations would also submit Plaintiffs' hours for payroll records at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 40:

Admit that you did not allow Plaintiffs to submit their number of hours worked at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 41:

Admit that Plaintiffs were not paid by you for all hours worked at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

(THERE IS NO REQUEST FOR ADMISSION NO. 42)

REQUEST FOR ADMISSION NO. 43:

Admit that Plaintiffs were not paid the federally mandated minimum wage of $7.25 per hour at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 44:

Admit that you provided your trucks for transportation of Plaintiffs to and from offsite locations at any point in time from November 1, 2008 to the present.

**RESPONSE:**   Defendants incorporate their objections to Request No. 1.


REQUEST FOR ADMISSION NO. 45:

Admit that you failed to pay your "day rate" employees and/or contractors at a rate no less than time and one-half for some or all hours worked over forty (40) per workweek at any point from November 1, 2008 to the present.

**RESPONSE:**   Defendants incorporate their objections to Request No. 1.  Defendants further object that this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that neither the named plaintiffs nor the class include regular employees.


REQUEST FOR ADMISSION NO. 46:

Admit that you failed to pay your "day rate" employees and/or contractors their full "day rate" wages if those employees worked less than a full day at any point from November 1, 2008 to the present.

**RESPONSE:**   Defendants incorporate their objections to Request No. 1.  Defendants further object that this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that neither the named plaintiffs nor the class include regular employees.

REQUEST FOR ADMISSION NO. 47:

Admit that you provided full-time employees with pension, health, disability, vacation and other employment-related benefits from November 1, 2008 to the present.

**RESPONSE:**   Defendants incorporate their objections to Request No. 1.  Defendants further object that this request is vague in its reference to "other employment-related benefits."


REQUEST FOR ADMISSION NO. 48:

Admit that you failed to provide Plaintiffs with pension, health, disability, vacation and other employment-related benefits from November 1, 2008 to the present.

11

**RESPONSE:** Defendants incorporate their objections to Request No. 1. Defendants further object that this request is vague in its reference to "other employment-related benefits."

REQUEST FOR ADMISSION NO. 49:

Admit that you caused Plaintiffs to pay or incur all payroll taxes (self-employment), including but not limited to, Federal Insurance Contributions Act (FICA), Federal Unemployment Tax Act (FUTA), Medicare, Social Security, income withholding, and unemployment taxes at any point in time from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 50:

Admit that Bruce Andrew Ardoin was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 51:

Admit that Pedro Flores was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked for over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 52:

Admit that John Scotty Gaspar was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 53:

Admit that Eric Blake Doucet was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 54:

Admit that Martin Ramirez Canales was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 55:

Admit that Ricardo Medrano was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 56:

Admit that Leve Christopher Lynch was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 57:

Admit that Robert Jacob Morris was employed by you at some from November 1, 2008 to the present and was entitled to overtime at a rate no loess than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

REQUEST FOR ADMISSION NO. 58:

Admit that Guillermo Pena Gonzalez was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.

14

REQUEST FOR ADMISSION NO. 59:

Admit that Enoldo Rodriguez Leyva was employed by you at some point from November 1, 2008 to the present and was entitled to overtime at a rate no less than time and one-half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate their objections to Request No. 1.