# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ AND MICHAEL JAMES LYONS, Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-00353 |
| ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC F/K/A ALLIS-CHALMERS TUBULAR SERVICES, INC., AND ARCHER TUBULAR SERVICES LLC, | § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' OBJECTIONS TO INTERROGATORIES

TO: Jose Angel Lopez and Michael James Lyons, by and through their attorney of record, Roger S. Braugh, Jr., Sico, White, Hoelscher & Braugh, LLP, 802 N. Carancahua, Suite 900, Corpus Christi, Texas 78401

**COMES NOW,** Defendants Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC F/K/A Allis-Chalmers Tubular Services, Inc., and Archer Tubular Services, LLC ("Archer") and pursuant to the Federal Rules of Civil Procedure, submit the following Objections to Interrogatories.

1

Respectfully submitted,

_____
MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

Attorneys for Defendants

OF COUNSEL:

GABRIELLE S. MOSES
State Bar No. 24063878
ALLISON R. MAY
State Bar No. 24059281
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

## CERTIFICATE OF SERVICE

This is to certify that on April 9, 2012, a true and correct copy of this pleading has been served on Plaintiffs' counsel of record via certified mail, return receipt requested.

_____
MICHAEL J. MUSKAT

## **OBJECTIONS TO INTERROGATORIES**

INTERROGATORY NO. 1:

Identify any and all persons involved in the decision to classify your workers as "independent contractors".

**ANSWER:** Defendants object that this interrogatory is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in light of Defendants' offer of complete relief under the FLSA to Plaintiffs and opt-in class members. Defendants further object that to the extent this interrogatory is intended to encompass workers who contracted with any entity other than Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted), it is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 2:

Identify any and all persons involved in the decision to classify your non-exempt employees as "independent contractors."

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1. Defendants further object that this interrogatory improperly assumes a legal conclusion.

INTERROGATORY NO. 3:

Identify any and all persons employed by you who signed an "independent contractor" agreement from November 1, 2008 through the present by name, address, and telephone number.

**ANSWER:** Defendants object that to the extent this interrogatory is intended to encompass workers who contracted with any entity other than Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted), it is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent this interrogatory purports to request information about the identities of workers, their contact information, or other details that the Court has not ordered Defendants to produce. Subject to and without waiving these objections, see the list of persons produced by Defendants on February 22, 2012. This list contains, with respect to each putative class member, the contact information that the Court ordered to be produced in its February 8, 2012 conditional certification order. In addition, see the list produced by Defendants on February 27, 2012. Collectively, these lists identify all persons who worked for Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC as independent contractors since November 1, 2008.

INTERROGATORY NO. 4:

Identify the job titles, specific job duties, and job locations of all persons identified in Interrogatory No. 3.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 3. In addition, Defendants object that this Interrogatory is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that Defendants have produced a complete listing of *all* persons who worked for Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC as independent contractors since November 1, 2008. Defendants have also identified all job titles in connection with the production of those lists. Further, Defendants object that Plaintiffs' request for the "job duties" of such persons is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in light of Defendants' offer of complete relief under the FLSA to Plaintiffs and opt-in class members.

INTERROGATORY NO. 5:

Identify all job titles for persons employed by you in the South Texas District from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 3. In addition, Defendants object that this Interrogatory is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that Defendants have produced a complete listing of *all* persons who worked for Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC as independent contractors since November 1, 2008. Defendants have also identified all job titles in connection with the production of those lists. To the extent that this Interrogatory seeks information about employees rather than contractors, Defendants object that it is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that the class does not include regular employees.

INTERROGATORY NO. 6:

Identify all job duties for all persons employed by you in the South Texas District from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate the objections made in response to Interrogatory No. 5. Further, Defendants object that Plaintiffs' request for the "job duties" of such persons is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in light of Defendants' offer of complete relief under the FLSA to Plaintiffs and opt-in class members.

INTERROGATORY NO. 7:

Identify all geographic districts or regions in the United States of America in which you currently have operations.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 3. In addition, Defendants object that this Interrogatory is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that Defendants have produced a complete listing of *all* persons who worked for Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC as independent contractors since November 1, 2008. Subject to and without waiving these objections, Defendants will supplement.

INTERROGATORY NO. 8:

Identify all geographic districts or regions in the United States of America in which you currently have operations where you employ "independent contractors."

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 3. In addition, Defendants object that this Interrogatory is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that Defendants have produced a complete listing of *all* persons who worked for Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC as independent contractors since November 1, 2008.

INTERROGATORY NO. 9:

Identify any and all district managers employed by you throughout the United States of America from November 1, 2008 through the present by name, address, and telephone number.

**ANSWER:** Defendants incorporate the objections made in Response to Interrogatory No. 1.

INTERROGATORY NO. 10:

Identify any and all Department of Labor (DOL) investigations initiated against you and lawsuits filed against you involving wage and hour and/or FLSA claims and for each such DOL investigation or lawsuit state the issue or issue in dispute and the result.

**ANSWER:** Defendants incorporate the objections made in Response to Interrogatory No. 1. Defendants further object that this interrogatory is overbroad given the allegations in this lawsuit.

INTERROGATORY NO. 11:

Identify the entity known as Allis-Chalmers Management, LP.

**ANSWER:** Defendants incorporate the objections made in Response to Interrogatory No. 1.

INTERROGATORY NO. 12:

Identify the difference, if any, between earnings statements titled "Allis-Chalmers 1099" and "Allis-Chalmers" by you from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate the objections made in Response to Interrogatory No. 1.

INTERROGATORY NO. 13:

Identify any and all subsidiaries owned by you. These include but are not limited to –

a) Allis-Chalmers Rental Services, LLC
b) Allis-Chalmers Directional Drilling Services, LLC
c) Allis-Chalmers Production Services, LLC
d) Allis-Chalmers Holdings, Inc.

**ANSWER:** Defendants incorporate the objections made in Response to Interrogatory No. 1.

INTERROGATORY NO. 14:

Identify any and all persons employed by you as "day rate" employees and/or contractors from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 3. In addition, Defendants object that this Interrogatory is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that Defendants have produced a complete listing of *all* persons who worked for Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC as independent contractors since November 1, 2008. Defendants have also identified all job titles in connection with the production of those lists. To the extent that this Interrogatory seeks information about employees rather than contractors, Defendants object that it is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that the class does not include regular employees.

INTERROGATORY NO. 15:

Identify any and all individuals involved in the decision-making process to not pay your current and former misclassified "independent contractor" overtime at a rate of one and one half times the regular rate of pay, or greater, from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1.

INTERROGATORY NO. 16:

Explain how your payroll system is managed. This includes but is not limited to –

a) Computer software and computer system(s);
b) Identification of the department manager; and
c) The manner in which information is stored and maintained.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1.

INTERROGATORY NO. 17:

If you contend that you have a good faith reason for not paying your current and former misclassified "independent contractors" overtime at a rate of at least one and one half times the regular rate of pay from November 1, 2008 to the present, state the factual and legal basis for your contention that your failure to pay overtime was in good faith.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1.

INTERROGATORY NO. 18:

Explain why you failed to pay your workers overtime at a rate not less than one and one half times their regular rate of pay for all hours worked for forty (40) per workweek from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1.

INTERROGATORY NO. 19:

Identify the entity(ies) that owns any and all vehicles used by you to transport your workers to and/or from worksite locations at any point from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1.

INTERROGATORY NO. 20:

Identify the entity(ies) that owns any and all oilfield service equipment used by you at any point from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1.

INTERROGATORY NO. 21:

Explain why you failed to pay your "day rate" employees overtime at a rate not less than half-time their regular rate of pay for some or all hours worked over forty (40) per workweek from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1. Further, to the extent that this Interrogatory seeks information about employees rather than contractors, Defendants object that it is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that the class does not include regular employees.

INTERROGATORY NO. 22:

If you contend that you have a good faith reason for not paying your current and former "day rate" employees overtime at a rate of at least one and one half times the regular rate of pay from November 1, 2008 to the present, state the factual and legal basis for your contention that our failure to pay overtime was in good faith.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1. Further, to the extent that this Interrogatory seeks information about employees rather than contractors, Defendants object that it is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that the class does not include regular employees.

INTERROGATORY NO. 23:

Explain why you failed to pay your "independent contractors" for some or all hours worked from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1.

8

INTERROGATORY NO. 24:

Explain why you failed to pay your "day rate" employees for some or all hours worked from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1. Further, to the extent that this Interrogatory seeks information about employees rather than contractors, Defendants object that it is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that the class does not include regular employees.

INTERROGATORY NO. 25:

Identify any and all individuals involved in the decision-making process to not pay your current and former "day rate" employees overtime at a rate of one and one half times the regular rate of pay, or greater, from November 1, 2008 to the present.

**ANSWER:** Defendants incorporate their objections to Interrogatory No. 1. Further, to the extent that this Interrogatory seeks information about employees rather than contractors, Defendants object that it is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that the class does not include regular employees.