# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSE ANGEL LOPEZ AND MICHAEL §
JAMES LYONS, Individually and on §
behalf of all others similarly situated, §
§
Plaintiffs, §
§
v. § CIVIL ACTION NO. 2:11-CV-00353
§
ALLIS-CHALMERS ENERGY INC., §
ALLIS-CHALMERS TUBULAR §
SERVICES LLC F/K/A ALLIS- §
CHALMERS TUBULAR SERVICES, §
INC., AND ARCHER TUBULAR §
SERVICES LLC, §
§
Defendants. §

## DEFENDANTS' OBJECTIONS TO REQUESTS FOR PRODUCTION

TO:     Jose Angel Lopez and Michael James Lyons, by and through their attorney of record, Roger S. Braugh, Jr., Sico, White, Hoelscher & Braugh, LLP, 802 N. Carancahua, Suite 900, Corpus Christi, Texas 78401

**COMES NOW,** Defendants Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC F/K/A Allis-Chalmers Tubular Services, Inc., and Archer Tubular Services, LLC ("Archer") and pursuant to the Federal Rules of Civil Procedure, submit the following Objections to Requests for Production.

1

Respectfully submitted,

_____

MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

Attorneys for Defendants

OF COUNSEL:

GABRIELLE S. MOSES
State Bar No. 24063878
ALLISON R. MAY
State Bar No. 24059281
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7850
Telecopier: 713-987-7854

## CERTIFICATE OF SERVICE

This is to certify that on April 9, 2012, a true and correct copy of this pleading has been served on Plaintiffs' counsel of record via certified mail, return receipt requested

_____

MICHAEL J. MUSKAT

## OBJECTIONS TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

Produce any and all documents, emails, attachments to emails, data, and electronically stored information in its native format in your possession, custody or control that concern, discuss, or relate to your compliance with wage and overtime laws, including but not limited to the Fair Labor Standards Act ("FLSA").

**RESPONSE:** Defendants object that this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in light of Defendants' offer of complete relief under the FLSA to Plaintiffs and opt-in class members. Defendants further object on each of these grounds in that this request grossly exceeds the scope of the limited FLSA issues raised in this lawsuit. Defendants further object on each of these grounds to the extent this request is intended to encompass any entity other than Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted). Defendants further object that there is no reasonable or even feasible way to conduct the type of company-wide searches contemplated by this request.

REQUEST FOR PRODUCTION NO. 2:

Produce any and all documents, e-mails, attachments to emails, data, and electronically stored information in its native format in your possession, custody or control that concern, discuss, or relate to your decision to classify workers as "independent contractors."

**RESPONSE:** Defendants object that this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in light of Defendants' offer of complete relief under the FLSA to Plaintiffs and opt-in class members. Defendants further object on each of these grounds to the extent this request is intended to encompass any entity other than Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted). Defendants further object that there is no reasonable or even feasible way to conduct the type of company-wide searches contemplated by this request.

REQUEST FOR PRODUCTION NO. 3:

Produce any and all documents, emails, attachments to emails, data, and electronically stored information in its native format in your possession, custody or control that concern, discuss, or relate to your decision to classify non-exempt employees as "independent contractors."

**RESPONSE:** Defendants incorporate their objections to Request Number 2.

3

REQUEST FOR PRODUCTION NO. 4:

Produce any and all payroll or earning records for all workers classified by you as "independent contractors" from November 1, 2008 to the present.

**RESPONSE:**  Defendants object that the requested records are relevant only as to putative class members who opt-in to the lawsuit, and so this request is overbroad, unduly burdensome, and harassing to the extent it seeks records for putative class members who do not opt-in. Further, the time frame of the request is overbroad. Further, to the extent this request is intended to encompass any entity other than Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted), this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 5:

Produce any and all payroll or earning records for all non-exempt employees classified by you as "independent contractors" from November 1, 2008 through the present.

**RESPONSE:**  Defendants incorporates its objections and response to Request No. 4.

REQUEST FOR PRODUCTION NO. 6:

Produce any and all documents in your possession, custody or control that concern, discuss or relate to "day rate" employees and/or contractors who have worked for you from November 1, 2008 to the present.

**RESPONSE:**  Defendants object that the request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that the class does not include regular employees. Even if the class did include such persons (and it does not), it is impossible to determine exactly what documents are being requested, and thus the request is objectionable on all of the above grounds for this reason as well.

REQUEST FOR PRODUCTION NO. 7:

Produce true, correct, and legible copies of all organizational charts, organizational directories, and/or other documents in your possession, custody or control depicting, in whole or in part, the organization and/or structure of your company. Please include all subsidiaries owned by you.

These documents are requested from November 1, 2008 to the present.

4

**RESPONSE:** Defendants object that this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in light of Defendants' offer of complete relief under the FLSA to Plaintiffs and opt-in class members. Defendants further object on each of these grounds to the extent this request is intended to encompass any entity other than Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted).

## REQUEST FOR PRODUCTION NO. 8:

Produce any and all documents, memoranda, statements, reports, communications, emails, attachments to emails, notes, meeting minutes, and other tangible things attached to such reports, or referenced to therein, concerning the decision to classify your workers as "independent contractors."

**RESPONSE:** Defendants incorporate the objections and responses to Request No. 1. Defendants further object to the extent this request improperly assumes that workers were classified as contractors pursuant to a single "decision".

## REQUEST FOR PRODUCTION NO. 9:

Produce any and all documents, memoranda, statements, reports, communications, emails, attachments to emails, notes, meeting minutes, and other tangible things attached to such reports, or referenced to therein, concerning the decision to classify your non-exempt employees as "independent contractors."

**RESPONSE:** Defendants incorporate the objections and responses to Request No. 1. Defendants further object to the extent this request improperly assumes that workers were classified as contractors pursuant to a single "decision".

## REQUEST FOR PRODUCTION NO. 10:

Produce true and correct copies of all documents or other graphic or written materials not otherwise produced herein which you may use as an exhibit at the trial of this case.

**RESPONSE:** Defendants will supplement, if necessary, in accordance with the FRCP and the Court's pretrial orders.

## REQUEST FOR PRODUCTION NO. 11:

If you have any written agreements and/or understandings with any other entity which limit or relieve the obligation to satisfy all or any part of any judgment which may be rendered

against you in this case, produce true and correct copies of such agreements and/or understandings and specifically indicate what portion of such agreements and/or understandings limit and/or relieve the obligation to pay any judgment which may be rendered against you in this case.

**RESPONSE:**  Defendants will supplement, if necessary, in accordance with the FRCP and the Court's pretrial orders.

REQUEST FOR PRODUCTION NO. 12:

Produce any and all document retention policies, which resulted in the destruction of documents responsive to Plaintiffs' discovery requests in this case.

**RESPONSE:**  Defendants incorporate the objections made in response to all of the other requests served in this matter.  Subject to and without waiving these objections, Defendants are unaware of any destroyed documents.

REQUEST FOR PRODUCTION NO. 13:

Produce any and all books, documents, photographs, or other tangible things that may be used by you at the time of trial, which may have a bearing on this case.

**RESPONSE:**  Defendants will supplement, if necessary, in accordance with the FRCP and the Court's pretrial orders.

REQUEST FOR PRODUCTION NO. 14:

Produce true and correct copies of any and all insurance policies that may be looked to, to satisfy a judgment or settlement against you in this case, including Primary Policies, Excess Policies and Umbrella Policies.

**RESPONSE:**  Defendants will supplement, if necessary, in accordance with the FRCP and the Court's pretrial orders.

REQUEST FOR PRODUCTION NO. 15:

Produce the amounts of all other claims being currently made against any such insurance policies held by you other than by these Plaintiffs.

**RESPONSE:**  Defendants object that this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 16:

Produce true and correct copies of all employee handbooks, manuals, policies and procedures in effect between November 1, 2008 and the present, including but not limited to, payroll, wage and hour, time recording and/or time keeping, overtime compensation practices, and employee benefit plans, including but not limited to, 401(k), health insurance, and life insurance.

**RESPONSE:**   Defendants incorporate the objections made in response to Request No. 1. Defendants further object that this request is generally vague, overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence with respect to the FLSA claims in this case.


REQUEST FOR PRODUCTION NO. 17:

Produce true and correct copies of any statements that you have from any person having knowledge of facts that may be relevant to this lawsuit, unless you claim that such statements are in some manner privileged or exempt from discovery.

If you claim that any statement in your possession is privileged or in some manner exempt from discovery, state the date on which it was taken, from whom it was taken, by whom it was taken, and the basis of your claim that it is privileged or exempt from discovery.

**RESPONSE:**   Defendants incorporate the objections made in response to Request No. 1. Defendants further object to the extent this Request encompasses attorney work product or attorney-client communications.


REQUEST FOR PRODUCTION NO. 18:

Produce any and all investigative reports relating to the allegations made in this case, including all documents, emails, attachments to emails, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications and tangible things attached to such reports or referred to therein.

**RESPONSE:**   Defendants incorporate the objections made in response to Request No. 1. Defendants further object to the extent this Request encompasses attorney work product or attorney-client communications.


REQUEST FOR PRODUCTION NO. 19:

Produce any and all employment records and information pertaining to the Plaintiffs from November 1, 2008 to the present.

**RESPONSE:**   Defendants object that the request for "information pertaining to the Plaintiffs" is vague and potentially overbroad, unduly burdensome, and impossible to comply with.  Subject to and without waiving these objections, Defendants will supplement with Plaintiffs' personnel records and time and pay records for the relevant time period(s).

REQUEST FOR PRODUCTION NO. 20:

Produce any and all employment records and information pertaining to workers classified by you as "independent contractors" from November 1, 2008 to the present.

**RESPONSE:**   Defendants incorporate their objections and responses to Request No. 4, and further object that the request for "information pertaining to" workers is vague and potentially overbroad, unduly burdensome, and impossible to comply with.  Subject to and without waiving these objections, after the close of the opt-in period Defendants will supplement with each opt-in plaintiff's time and pay records for the relevant time period(s).

REQUEST FOR PRODUCTION NO. 21:

Produce any and all employment records and information pertaining to non-exempt employees classified by you as "independent contractors" from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections and responses to Request No. 4, and further object that the request for "information pertaining to" workers is vague and potentially overbroad, unduly burdensome, and impossible to comply with and further objects to the legal conclusion within the request.  Subject to and without waiving these objections, Defendants will supplement with each opt-in plaintiff's time and pay records for the relevant time period(s).

REQUEST FOR PRODUCTION NO. 22:

Produce any and all financial records and information pertaining to the Plaintiffs from November 1, 2008 to the present.

**RESPONSE:**  Defendants incorporate their objections and responses to Request No. 19.

REQUEST FOR PRODUCTION NO. 23:

Produce any and all financial records and information pertaining to workers classified by you as "independent contractors" from November 1, 2008 to the present.

**RESPONSE:**  Defendants incorporate their objections and responses to Request No. 20.

REQUEST FOR PRODUCTION NO. 24:

Produce any and all financial records and information pertaining to non-exempt employees classified by you as "independent contractors" from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate their objections and responses to Request No. 21.

REQUEST FOR PRODUCTION NO. 25:

Produce any and all earnings statements labeled "Allis-Chalmers 1099" by you from November 1, 2008 to the present.

**RESPONSE:** Defendants object that this request is overbroad, unduly burdensome, harassing, and seeks neither relevant documents nor those reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, after the close of the opt-in period Defendants will supplement with earnings statements for Plaintiffs and all opt-in class members during the relevant time period(s).

REQUEST FOR PRODUCTION NO. 26:

Produce any and all earnings statements labeled "Allis-Chalmers" by you from November 1, 2008 to the present.

**RESPONSE:** Defendants object that this request is overbroad, unduly burdensome, harassing, and seeks neither relevant documents nor those reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, after the close of the opt-in period Defendants will supplement with earnings statements for Plaintiffs and all opt-in class members during the relevant time period(s).

REQUEST FOR PRODUCTION NO. 27:

Produce any and all documents, emails, attachments to emails, data and electronically stored information in its native format that concern, discuss, or relate to discussions by you regarding the concerns, risks and/or benefits of failing to properly pay your employees overtime at a rate no less than time and one half for all hours worked over forty (40) per workweek.

**RESPONSE:** Defendants incorporate the objections made in response to Request No. 1.

REQUEST FOR PRODUCTION NO. 28:

Produce any and all documents, emails, attachments to emails, data and electronically stored information in its native format that concern, discuss, or relate to discussions by you

regarding the concerns, risks and/or benefits of classifying your full-time employees as "independent contractors."

**RESPONSE:**  Defendants incorporate the objections made in response to Request No. 1.

REQUEST FOR PRODUCTION NO. 29:

Produce any and all payroll or earning records for all workers employed by you as "day rate" employees and/or contractors from November 1, 2008 to the present.

**RESPONSE:**  Defendants object that the request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that the class does not include regular employees and Plaintiffs have not sought to certify a class of employees, let alone succeeded in doing so.  Defendants further object that the requested records would be relevant only as to putative class members who opt-in to the lawsuit, and so this request is overbroad, unduly burdensome, and harassing to the extent it seeks records for putative class members who do not opt-in.  Further, the time frame of the request is overbroad.  Further, to the extent this request is intended to encompass any entity other than Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC (i.e., the entity with whom the representative plaintiffs contracted), this request is overbroad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 30:

Produce any and all documents, emails, attachments to emails, data and electronically stored information in its native format that concern, discuss, or relate to discussions by you regarding the concerns, risks and/or benefits of failing to properly pay your "day rate" employees overtime at a rate no less than one half of their regular rate of pay for all hours worked over forty (40) per workweek from November 1, 2008 to the present.

**RESPONSE:**   Defendants incorporate the objections made in response to Request Nos. 1 and 6.

REQUEST FOR PRODUCTION NO. 31:

Produce all documents that concern, discuss, or relate to your ownership of any and all vehicles used by you to transport your workers to and/or from worksite locations at any point from November 1, 2008 to the present.

**RESPONSE:**  Defendants incorporate the objections made in response to Request No. 1.

REQUEST FOR PRODUCTION NO. 32:

Produce all documents that concern, discuss, or relate to your ownership of any and all oilfield service equipment used by you at any point from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate the objections made in response to Request No. 1.

REQUEST FOR PRODUCTION NO. 33:

Produce any and all time and attendance records and information, including but not limited to time cards, attendance logs, punch cards, and other documents showing the days and times worked by each of the Plaintiffs from November 1, 2008 to the present.

**RESPONSE:**  Defendants will supplement as to the named Plaintiffs.

REQUEST FOR PRODUCTION NO. 34:

Produce any and all time and attendance records and information, including but not limited to time cards, attendance logs, punch cards, and other documents showing the days and times worked by any and all workers classified by you as "day rate" employees from November 1, 2008 to the present.

**RESPONSE:** Defendants incorporate the objections made in response to Request Nos. 1 and 6.