IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ, MICHAEL JAMES LYONS, ENOLDO LEYVA, ODIS GRAHAM, JR., FRANCISCO AVALOS, AND WILMER CANTILLO, Individually and on behalf of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC F/K/A ALLIS-CHALMERS TUBULAR SERVICES, INC., ARCHER TUBULAR SERVICES LLC, ALLIS-CHALMERS DRILLING LLC, ARCHER DRILLING LLC, ALLIS-CHALMERS MANAGEMENT LLC, ALLIS-CHALMERS RENTAL SERVICES LLC, ARCHER RENTAL SERVICES LLC, ALLIS-CHALMERS PRODUCTION SERVICES LLC, ARCHER COMPLETION SERVICES LLC, ARCHER PRODUCTION AND COMPLETION SERVICES LLC, ALLIS-CHALMERS DIRECTIONAL DRILLING SERVICES LLC, STRATA DIRECTIONAL TECHNOLOGY LLC, ARCHER DIRECTIONAL DRILLING SERVICES LLC, AIRCOMP LLC, ALLIS-CHALMERS UNDERBALANCED SERVICES LLC, AND ARCHER UNDERBALANCED SERVICES LLC<br><br>*Defendants* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 2:11-CV-00353 |

### PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs, Jose Angel Lopez, Michael James Lyons, Enoldo Leyva, Odis Graham, Jr., Francisco Avalos, and Wilmer Cantillo, pursuant to Federal Rule of Civil Procedure 15(a), and request leave to file the attached Third Amended Collective Action Complaint. The

Third Amended Collective Action Complaint includes new defendants, three new plaintiffs who wish to join the lawsuit, and additional liability facts and theories under the FLSA.

## I.   INTRODUCTION

1.   Plaintiffs bring this action on behalf of themselves and other current and former employees who were misclassified as "independent contractors" by Defendants, Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, formerly known as Allis-Chalmers Tubular Services, Inc., and Archer Tubular Services LLC (collectively "the Allis-Chalmers Defendants"), to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b)

2.   Plaintiffs filed their Original Collective Action Complaint on November 1, 2011.

3.   The Allis-Chalmers Defendants served an answer on December 5, 2011.

4.   Plaintiffs filed their First Amended Collective Action Complaint as a matter of course on December 16, 2011, pursuant to Federal Rule of Civil Procedure 15(a).

5.   Plaintiffs filed their Motion for Certification of Collective Action and Request for Notice Pursuant to Section 216(b) on January 17, 2012. The Court granted Plaintiffs' motion on February 8, 2012. In doing so, the Court certified the following class definition:

> "All current and former casing floor hands, stabbers, and tong operators who were classified as 'independent contractors' by Archer during the time period of November 1, 2008 to the present."

6.   The Allis-Chalmers Defendants attempted to settle with the limited initial certified class, while refusing to engage in any discovery and sought protection from discovery by filing a motion for protective order on February 29, 2012. In their motion, Defendants argued that discovery was neither warranted nor necessary in the face of an offer of "complete relief." This Court denied that motion on March 23, 2012, thereby allowing Plaintiffs to proceed with discovery.

Defendants then filed a Motion for Reconsideration on April 2, 2012, asserting the same arguments and complaints that were previously denied. The Court denied that motion on April 13, 2012.

7. Plaintiffs obtained leave to file their Second Amended Collective Action Complaint on April 17, 2012, after the Allis-Chalmers Defendants disclosed additional job titles that were admittedly properly included in the class, including "Coil Tubing Operators, Laydown Operators, Laydown Assistants, Service Techs, Mud Tool Hands, Hammer Techs, Shop Hands, Fill-Up Tool Operators, Dispatchers, Drivers, District Administration Workers, and Pushers (a/k/a field supervisors or service supervisors), Casing Floor Hands, Stabbers, and Tong Operators".

8. The Allis-Chalmers Defendants have produced personnel, time, and payroll records and other employment-related documents on a rolling basis over the last two months. After reviewing those records, it has become necessary for Plaintiffs and Potential Class Members to amend their complaint to include not only Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, Allis-Chalmers Tubular Services Inc. and Archer Tubular Services LLC as culpable parties to this action, but other wholly owned subsidiaries of Allis-Chalmers Energy Inc. and their successor companies.

## II.     ARGUMENT AND AUTHORITIES

9. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

10. The Court should allow the filing of Plaintiffs' amended pleading because it is appropriate and necessary. *See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994).

11. Plaintiffs have recently identified "day rate" employees who seek to join this lawsuit.[1] These "day rate" employees were not paid a flat day rate regardless of the hours worked. Rather, the Allis-Chalmers Defendants' payroll practice was to dock "day rate" employees' wages when they did not work a full day, which is in violation of 29 C.F.R. § 778.112.[2] The FLSA provides that, if an employee is paid a flat sum for a day's work, the employee is entitled to extra half-time pay at his regular rate (determined by dividing the total hours actually worked) for all hours worked in excess of forty in the workweek. *Id.* However, in the absence of a valid day rate plan, the FLSA requires the Allis-Chalmers Defendants to compensate its "day rate" employees for all overtime hours worked at no less than one and one-half times their regular rate of pay. *Id.*; *see also* 29 U.S.C. § 207(a)(1).

12. Payroll records indicate that Plaintiffs and Potential Class Members were paid by Allis-Chalmers Energy Inc., while other employment-related documents indicate that not only Allis-Chalmers Energy Inc.[3], but also the following wholly owned subsidiaries, employed "independent contractors" and "day rate" employees during the relevant window of recovery in this case:

    a) Allis-Chalmers Tubular Services LLC[4];

    b) Allis-Chalmers Drilling LLC[5];

---

[1] It should be noted that certain of these "day rate" employees were misclassified as "independent contractors" and have previously opted-in to the current collective action. For example, Odis Graham, Jr., a named plaintiff in the amended complaint, was employed by the Allis-Chalmers Defendants as an "independent contractor" from December of 2009 until March of 2010, at which time he was reclassified as a "day rate" employee. *See* ACT-010609 through ACT-010610, attached hereto as Exhibit "B" and incorporated as if set forth fully herein.

[2] *See* ACT-009195 through ACT-009197, attached hereto as Exhibit "C" and incorporated as if set forth fully herein; *see also* ACT-009267 through ACT-009268, attached hereto as Exhibit "D" and incorporated as if set forth fully herein.

[3] *See* ACT-009543 through ACT-009547, attached hereto as Exhibit "E" and incorporated as if set forth fully herein.

[4] *See* ACT-009505 through ACT-009509, attached hereto as Exhibit "F" and incorporated as if set forth fully herein.

[5] *See* ACT-009571 through ACT-009578, attached hereto as Exhibit "G" and incorporated as if set forth fully herein; *see also* ACT-009683, attached hereto as Exhibit "H" and incorporated as if set forth fully herein; *see also* ACT-009684 through ACT-009688, attached hereto as Exhibit "I" and incorporated as if set forth fully herein.

    c)    Allis-Chalmers Management LLC[6];

    d)    Allis-Chalmers Rental Services LLC[7];

    e)    Allis-Chalmers Production Services LLC[8];

    f)    Allis-Chalmers Directional Drilling Services LLC[9];

    g)    Strata Directional Technology LLC[10];

    h)    AirComp LLC[11]; and

    i)    Allis-Chalmers Underbalanced Drilling Services.[12]

13.     While there is likely some dispute as to who the actual employer is for purposes of the FLSA, Plaintiffs and Potential Class Members offer the above information as evidence of "a common policy or plan" in violation of the FLSA.[13] Accordingly, Plaintiffs and Potential Class Members have named Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC, Allis-

---

[6] *See* ACT-009148, attached hereto as Exhibit "J" and incorporated as if set forth fully herein.

[7] *See* ACT-003838, attached hereto as Exhibit "K" and incorporated as if set forth fully herein; *see also* ACT-003766, attached hereto as Exhibit "L" and incorporated as if set forth fully herein.

[8] *See* ACT-009605 through ACT-009609, attached hereto as Exhibit "M" and incorporated as if set forth fully herein; *see also* ACT-009600, attached hereto as Exhibit "N" and incorporated as if set forth fully herein.

[9] *See* ACT-009467 through ACT-009471, attached hereto as Exhibit "O" and incorporated as if set forth fully herein; *see also* ACT-009701, attached hereto as Exhibit "P" and incorporated as if set forth fully herein; *see also* ACT-009806 through ACT-009807, attached hereto as Exhibit "Q" and incorporated as if set forth fully herein.

[10] *See* ACT-009174, attached as Exhibit "R" and incorporated as if set forth fully herein; *see also* ACT-009643, attached as Exhibit "S" and incorporated as if set forth fully herein.

[11] *See* ACT-009420, attached hereto as Exhibit "T" and incorporated as if set forth fully herein; *see also* ACT-009421 through ACT-009426, attached hereto as Exhibit "U" and incorporated as if set forth fully herein; *see also* ACT-009485 through ACT-009487, attached as Exhibit "V" and incorporated as if set forth fully herein.

[12] *See* ACT-009488 through ACT-009492, attached hereto as Exhibit "W" and incorporated as if set forth fully herein.

[13] *See, e.g.*, *O'Brien v. Ed Donnelly Enters., Inc.*, No. 2:04-CV-00085, 2006 WL 3483956, at *3 (S.D. Ohio Nov. 30, 2006); *see also Vargas v. Richardson Trident Co.*, Civ. A. No. H-09-1674, 2010 WL 730155, at *6 (S.D. Tex. Feb. 22, 2010); *Falcon v. Starbucks Corp.*, 580 F.Supp.2d 528, 539-40 (class certified even though store managers worked in various locations under supervision of different individuals because there was evidence of a common policy); *Blake v. Colonial Savings, F.A.*, Civ. A. No. H-04-0944, 2004 WL 1925535 (S.D. Tex. Aug. 16, 2004) (approving notice to loan officers in the defendant's Dallas office and those in remote locations based on evidence that unlawful overtime policies applied to all locations).

Chalmers Tubular Services, Inc., Archer Tubular Services LLC, Allis-Chalmers Drilling LLC, Archer Drilling LLC, Allis-Chalmers Management LLC, Allis-Chalmers Rental Services LLC, Archer Rental Services LLC, Allis-Chalmers Production Services LLC, Archer Production and Completion Services LLC, Allis-Chalmers Directional Drilling Services LLC, Strata Directional Technology LLC, Archer Directional Drilling Services LLC, AirComp LLC, Allis-Chalmers Underbalanced Services LLC, and Archer Underbalanced Services LLC as parties to this action.[14]

14. In light of this new information, Plaintiffs and Potential Class Members request leave to file their amended complaint to include the above-named defendants, three new plaintiffs and additional liability facts and theories relating to (a) the absence of a valid "day rate" plan; (b) those "day rate" employees not being paid time and a half of their regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek; and, (c) "a common policy or plan" to violate the FLSA.

15. A true and correct copy of the proposed Third Amended Complaint is attached hereto as Exhibit "A".

16. The deadline for amendment of pleadings is September 4, 2012.

17. Defendants are not opposed to this motion.

### III.   CONCLUSION

As stated herein, Plaintiffs have discovered new information concerning improper pay practices implemented by the Allis-Chalmers Defendants on a company-wide basis, and three new plaintiffs would like to join this lawsuit. For these reasons, Plaintiffs ask the Court to grant leave to file the amended pleading, and for such other and further relief to which they may show themselves justly entitled.

---

[14] *See* ACT-007181 through ACT-007182, attached hereto as Exhibit "X" and incorporated as if set forth fully herein; *see also* ACT-007183, attached hereto as Exhibit "Y" and incorporated as if set forth fully herein.

      Respectfully submitted,

By:       */s/ Roger S. Braugh, Jr.*
      Roger S. Braugh, Jr.
      Federal I.D. No. 21326
      Texas Bar No. 00796244
      SICO, WHITE, HOELSCHER & BRAUGH L.L.P.
      900 Frost Bank Plaza
      802 N. Carancahua
      Corpus Christi, Texas 78401
      Telephone: 361-653-3300
      Facsimile: 361-653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Craig M. Sico
State Bar No. 18339850
Federal I.D. No. 13540
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
Tara A. Hoelscher
Texas Bar No. 24012189
SICO, WHITE, HOELSCHER & BRAUGH L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

John Flood
Federal I.D. No. 12593
Texas Bar No. 07155910
FLOOD & FLOOD
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/654-8877
Facsimile: 361/654-8879

**CERTIFICATE OF CONFERENCE**

Plaintiffs conferred with defense counsel regarding the relief sought by way of this motion. Defendants are not opposed to this motion.

        */s/ Roger S. Braugh, Jr.*
        Roger S. Braugh, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of July, 2012, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system and/or Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

Michael J. Muskat
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002

Jorge C. Rangel
THE RANGEL LAW FIRM, P.C.
615 N. Upper Broadway, Suite 2020
Corpus Christi, Texas 78477

*Attorneys for Allis-Chalmers Energy Inc., Allis-Chalmers Tubular Services LLC f/k/a Allis-Chalmers Tubular Services, Inc. and Archer Tubular Services LLC*

        */s/ Roger S. Braugh, Jr.*
        Roger S. Braugh, Jr.