IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LOPEZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-00353 |
| | § | |
| ALLIS-CHALMERS ENERGY INC., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Plaintiffs Jose Angel Lopez, Michael James Lyons, Enoldo Leyva, Odis Graham, Jr., Francisco Avalos, and Wilmer Cantillo (collectively, the "Named Plaintiffs"), and Defendants ALLIS-CHALMERS ENERGY INC., ALLIS CHALMERS TUBULAR SERVICES LLC F/K/A ALLIS-CHALMERS TUBULAR SERVICES, INC., ARCHER TUBULAR SERVICES LLC, ARCHER DRILLING LLC, ALLIS-CHALMERS MANAGEMENT LLC, ARCHER RENTAL SERVICES LLC, ARCHER PRODUCTION AND COMPLETION SERVICES LLC, ARCHER DIRECTIONAL DRILLING SERVICES LLC, AND ARCHER UNDERBALANCED SERVICES LLC, hereby jointly seek preliminary approval of the parties' settlement of this matter. In support, the parties would shows as follows:

1.      This is a putative collective action under the Fair Labor Standards Act ("FLSA"). Named Plaintiffs allege that Defendants failed to pay all overtime compensation due, pay for all hours worked, and comply with the FLSA's minimum wage obligations with respect to themselves and all similarly situated persons.

1

2. On February 8, 2012 and April 20, 2012, the Court conditionally certified classes of certain workers of Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC. On July 13, 2012, Named Plaintiffs filed a Third Amended Complaint on behalf of a larger class of workers.  Since that time, the parties have conducted relevant discovery and investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the claims asserted against Defendants in this matter.  Based upon Class Counsel's investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including the parties' assessment of the uncertainties of litigation and the relative benefits of settlement, Class Counsel has negotiated a settlement agreement with Defendants that Class Counsel believes to be fair, reasonable, adequate, and in the best interests of the Named Plaintiffs and the class members who are eligible to participate in the settlement.

3. Defendants deny that they have any liability to the Named Plaintiffs, eligible class members, or any similarly situated persons.  The parties' settlement is not and shall not be construed as an admission by Defendants or related parties of any fault, liability, or wrongdoing. Defendants expressly deny fault, liability, or wrongdoing.  However, Defendants, too, believe that settlement of this matter is preferable to continued litigation.

4. The parties recognize that notice to the eligible class members of the settlement, as well as Court approval of the settlement, Class Notice, and Claim Form, are required to effectuate the settlement agreement, and that the settlement agreement will not become operative until the Court grants both preliminary and final approval of the settlement, Class Notice, and Claim Form.

5. For the Court's review and approval, the following documents are attached to this Agreed Motion:

- An executed copy of the Settlement Agreement (Exh. A)
- A proposed Order granting Preliminary Approval of the Settlement (Exh. B)
- A proposed Class Notice of the settlement (Exh. C)
- A proposed Claim Form regarding the settlement (Exh. D)
- A proposed Final Judgment to be entered following a final approval hearing (Exh. E)

6. For the Court's convenience, the material terms of the settlement agreement involve the following:

- The Court's preliminary approval of the settlement, which includes the certification of an agreed-upon expanded class of workers,[1] and the Court's approval of the parties' agreed Class Notice and Claim Form.

---

[1] Specifically, the expanded class includes any person who performed services for Allis-Chalmers Drilling LLC n/k/a Archer Drilling LLC, Allis-Chalmers Underbalanced Services LLC n/k/a Archer Underbalanced Services LLC, Allis-Chalmers Production Services LLC, Archer Completion Services LLC, Archer Production and Completion Services LLC, Allis-Chalmers Directional Drilling Services LLC n/k/a Archer Directional Drilling Services LLC, or Allis-Chalmers Rental Services LLC n/k/a Archer Rental Services LLC, from October 1, 2010 to the date this Agreement is fully executed, and who falls into one or more of the following six settlement categories: (1) independent contractors paid a straight hourly rate for all hours worked and who were not paid overtime, excluding (a) certain individuals who Defendants believe were properly classified as independent contractors, and (b) contractors who did not work any overtime in any workweek during the Damages Period; (2) independent contractors paid a day rate and who were not paid overtime, excluding (a) contractors within Allis-Chalmers Directional Drilling Services LLC n/k/a Archer Directional Drilling Services LLC who held the positions of Directional Driller or MWD, and (b) contractors who were paid a day rate but did not work any overtime in any workweek during the Damages Period; (3) employees paid a day rate as their primary form of compensation with no overtime, excluding (a) day rate employees for Allis-Chalmers Underbalanced Services LLC n/k/a Archer Underbalanced Services LLC and/or Aircomp, LLC, who were the subject of *Thomas et al. v. Allis-Chalmers Energy, Inc. and AirComp, LLC*, Civil Action No.

- Retention of a neutral third-party claims administrator who will be solely responsible for mailing the Class Notice and Claim Form to class members, receiving executed Claims Forms and, ultimately, in mailing settlement payments to settling class members. The claims administrator will be paid for by Defendants and the administrator's fees will not reduce the recovery of the class members.

- The calculation of a settlement payment due each settling class member. These calculations will be based on the limitations periods, damages formulas, and certain assumptions as to hours worked per week, all as negotiated by the parties taking into account the contested legal and factual issues in the case.

- Following the conclusion of the notice and opt-in process and the calculation of individual settlement payments, the scheduling of a Final Approval Hearing at which time class members will have an opportunity to be heard and the Court will consider the final approval of the settlement and the entry of a Final Judgment. The parties respectfully request that the Final Approval Hearing be set *no earlier than* November 1, 2013, so as to allow the parties sufficient time

---

2:10-cv-01591-RCM, in the U.S. District Court for the Western District of Pennsylvania, and (b) certain supervisors in Allis-Chalmers Tubular Services LLC n/k/a Archer Tubular Services LLC who were guaranteed certain day-rate payments per week; (4) Nonexempt field employees paid a guaranteed salary but no overtime, excluding salaried employees who Defendants believe were properly classified as exempt; (5) nonexempt field employees paid on a salary basis plus a job bonus, but no overtime, excluding salaried employees who Defendants believe were properly classified as exempt; and (6) nonexempt field employees paid on an hourly basis plus a job bonus, and were paid overtime but the job bonus was not factored into the regular rate of pay.

to complete the notice, opt-in, and damages calculation process under the timelines set out in the settlement agreement.

- A release of all claims relating to unpaid wages by each settling class member.

- A request by Plaintiffs' counsel for payment by Defendants of an attorneys' fee award of $1,150,000.00 in compensation for the work already performed by counsel in this matter and the work remaining to be performed until any appeals of the Court's Final Judgment are final.  Plaintiffs' counsel believes that this amount fairly and reasonably compensates them for their work in this matter and results achieved, and Defendants have agreed not to oppose this request.  Payment of an attorneys' fee award in this amount will not reduce any settling class member's recovery.

### Conclusion

The parties respectfully request that the Court preliminarily approve this settlement as set out in the proposed Preliminary Approval Order that is being filed contemporaneous with this Agreed Motion.

    Respectfully submitted,

*/s/Roger S. Braugh, Jr.*
Roger S. Braugh, Jr.
**Attorney-in-Charge**
Federal I.D. No. 21326
Texas Bar No. 00796244
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
**SICO, WHITE, HOELSCHER & BRAUGH, L.L.P**
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401

Telephone: 361/653-3300
Facsimile: 361/653-3333
rbraugh@swbtrial.com
csico@swbtrial.com

**ATTORNEYS FOR PLAINTIFFS**


Michael J. Muskat
**Attorney-in-Charge**
Federal I.D. No. 22816
Texas Bar No. 24002668
**MUSKAT, MARTINEZ & MAHONY, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone: 713/987-7850
Facsimile: 713/987-7854
MMuskat@m3law.com

Jorge C. Rangel
Federal I.D. No. 5698
Texas Bar No. 16543500
jorge.c.rangel@rangellaw.com
**THE RANGEL LAW FIRM, P.C.**
615 N. Upper Broadway, Suite 2020
Corpus Christi, Texas 78477
Telephone: 361/883-8500
Facsimile: 361/883-2611

**ATTORNEYS FOR DEFENDANTS ALLIS-CHALMERS ENERGY INC., ALLIS-CHALMERS TUBULAR SERVICES LLC F/K/A ALLIS-CHALMERS TUBULAR SERVICES, INC., ARCHER TUBULAR SERVICES LLC, ARCHER DRILLING LLC, ALLIS-CHALMERS MANAGEMENT LLC, ARCHER UNDERBALANCED SERVICES LLC, ARCHER PRODUCTION AND COMPLETION SERVICES LLC, ARCHER DIRECTIONAL DRILLING SERVICES LLC, AND ARCHER RENTAL SERVICES LLC**